UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL ARNOLD #200493,
*et al.*,

    Plaintiffs,

v

DANIEL H. HEYNS, *et al.*,

    Defendants.

NO. 2:13-cv-14137

HON. PAUL D. BORMAN

MAG. MONA K. MAJZOUB

---

Michael Arnold #200493
*In Pro Per*
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI  48880

Daniel Corralez #242499
*In Pro Per*
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI  48880

Eric Lahti #315986
*In Pro Per*
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI  48880

Allan J. Soros (P43702)
Attorney for MDOC Defendants
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7021

---

## **MDOC DEFENDANTS' MOTION TO DISMISS**

NOW COME MDOC Defendants Daniel H. Heyns, Michael Martin and Brad Purves, by counsel, pursuant to Fed. R. Civ. P. 12(b), and

1

move the Court to enter its Order dismissing Plaintiffs' Complaint together with the above action, based upon the following grounds:

1. The Court lacks subject matter jurisdiction, therefore warranting summary disposition pursuant to Fed. R. Civ. P. 12(b)(1).

   a. Plaintiffs' Complaint fails to allege facts establishing a substantial federal question sufficient to invoke federal jurisdiction.

2. Plaintiffs' declaratory relief claim, as governed by Fed. R. Civ. P. 57 and 28 U.S.C. 2201, fails to state a claim upon which relief can be granted, therefore warranting dismissal pursuant to Fed. R. Civ. P. 12 (b)(c).

   a. Plaintiff fails to establish any controversy of a justiciable nature.

3. Plaintiffs' injunctive claim, as governed by Fed. R. Civ. P. 65 and 28 U.S.C. 2284, fails to state a claim on which relief can be granted, therefore warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

      a.     Preliminary injunctive relief is not available since Plaintiff's complaint fails to establish (1) a strong or substantial likelihood of success on the merits; (2) the likelihood of irreparable injury if the preliminary injunction does not issue; (3) the absence of harm to other parties; and (4) the protection of the public interest by issuance of the injunction. (*Glover v. Johnson*, 855 F.2d 277 (6th Cir. 1988)).

      b.     Injunctive relief against public officers and employees is not available where their acts and omissions are discretionary, absent a clear abuse of discretion.

4.    Plaintiffs' 42 U.S.C. 1983 claim fails to state a claim on which relief can be granted, therefore warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

      a.     Plaintiffs fail to allege facts establishing (i) deprivation of a constitutional right; (ii) due to the conduct of a person acting under color of State law. (*Bacon v. Patera*, 772 F.2d 259 (6th Cir. 1983)).

    b.    Defendant was not personally involved in the alleged unconstitutional activity thereby precluding 42 U.S.C. 1983 liability. (*Hays v. Jefferson County*, 668 F.2d 869 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982)).

5.    Since Plaintiffs are incarcerated prisoners proceeding *pro se,* concurrence in the relief sought herein was not requested.

WHEREFORE, MDOC Defendants request that the Court enter its Order dismissing the above action and that this is a dismissal as described by 28 U.S.C. § 1915(g) against each Plaintiff.

Respectfully submitted,

Bill Schuette
Attorney General

*s/ Allan J. Soros*
ALLAN J. SOROS (P43702)
Assistant Attorney General
Attorneys for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7021
Email:  sorosa@michigan.gov
[P43702]

Date: December 4, 2013

4

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL ARNOLD #200493,
*et al.*,

    Plaintiffs,

v

DANIEL H. HEYNS, *et al.*,

    Defendants.

NO. 2:13-cv-14137

HON. PAUL D. BORMAN

MAG. MONA K. MAJZOUB

_____

Michael Arnold #200493
*In Pro Per*
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI  48880

Daniel Corralez #242499
*In Pro Per*
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI  48880

Eric Lahti #315986
*In Pro Per*
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI  48880

Allan J. Soros (P43702)
Attorney for MDOC Defendants
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7021

_____/

# MDOC DEFENDANTS' BRIEF IN SUPPORT OF
# <u>MOTION TO DISMISS</u>

Bill Schuette
Attorney General

Allan J. Soros (P43702)
Assistant Attorney General
Attorneys for MDOC Defendants
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7021
Email:  sorosa@michigan.gov
[P43702]

Date:  December 4, 2013

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Does RLUIPA require that Plaintiffs be accommodated with meat and dairy as part of their Kosher meal program?

i

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

**1.    RLUIPA Claim**

The Religious Land Use and Institutionalized Persons Act (RLUIPA) is applicable if a prisoner has produced "prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2 [42 U.S.C. 2000cc]."  42 U.S.C. 2000cc-2(b).  A government agency cannot impose a "substantial burden" on a prisoner's religious exercise.  Any burden imposed must be in furtherance of a compelling governmental interest and the least restrictive means must be used.  42 U.S.C. 2000cc-1(a).

## STATEMENT OF FACTS

Plaintiffs, Michael Arnold, Daniel Corralez and Eric Lahti are *pro se* prisoners who are currently confined in the Michigan Department of Corrections ("MDOC") at the Central Michigan Correctional Facility (STF), Saint Louis, Michigan. Plaintiffs' Complaint is filed under 42 U.S.C. § 1983 and protests infringement of their civil rights, alleging violations of the Religious Land "Use and Institutionalized Persons Act (RLUIPA). Plaintiffs' allegations concern MDOC's implementation of a Vegan meal program for all religious diets. Plaintiffs believe that they are being forced to become vegetarians and that MDOC cannot provide kosher meals because of cross-contamination of food trays and utensils.

Defendants are MDOC Director Daniel Heyns, Special Activities Coordinator Michael Martin and Correctional Facilities Administration (CFA) Food Service Program Manager Brad Purves.

Plaintiffs sue all Defendants in their official capacities, seeking an injunction which would enjoin MDOC from implementing the Vegan meal program.

## ARGUMENT

I. **RLUIPA does not require that Plaintiffs be accommodated with meat and dairy as part of their Kosher meal program.**

The Religious Land Use and Institutionalized Persons Act (RLUIPA) is applicable if a prisoner has produced "prima facie evidence to support a claim alleging a violation of the Free Exercise Clause or a violation of section 2 [42 U.S.C. 2000cc]." 42 U.S.C. 2000cc-2(b). A government agency cannot impose a "substantial burden" on a prisoner's religious exercise. Any burden imposed must be in furtherance of a compelling governmental interest and the least restrictive means must be used. 42 U.S.C. 2000cc-1(a).

The term "religious exercise" is defined as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. 2000cc-5(7)(A). But under either the First Amendment or RLUIPA, a prisoner must prove that his or her actions are religiously motivated; ways of life based on purely secular considerations, and personal or philosophical choices under the guise of religion are not protected. *Wisconsin v. Yoder*, 407 U.S. 205, 215-16 (1972); *Ochs v. Thalacker*, 90 F.3d 293, 296 (8th Cir. 1996). A prisoner

2

must also prove that the religious belief is sincerely held. *Yoder*, 407 U.S. at 215-19.

RLUIPA itself does not define "substantial burden." The Sixth Circuit has indicated that a state puts a "substantial burden" on a prisoner's religious exercise if it "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Living Water Church of God v. Charter Twp. of Meridian*, Nos. 05-2309 and 06-1210, 2007 U.S. App. LEXIS 28825, at **17 (6th Cir. Dec. 10, 2007) (unpublished decision)(Defendants' Exhibit A). Additionally, RLUIPA's institutionalized persons provision was intended to alleviate only **"exceptional"** burdens on religious exercise. *Cutter v. Wilkinson,* 544 U.S. 709, 720 (2005) (emphasis added). The prisoner bears the burden of persuasion concerning the substantial burden imposed on his religious exercise. 42 U.S.C. § 2000cc-2(b).

Although Plaintiffs claim that a substantial burden has been placed on their ability to practice their chosen religion in light of MDOC's implementation of a Vegan meal program for all religious diets, Plaintiffs have failed to meet their burden.

3

Plaintiffs' speculate that implementation of the vegan religious meals will lead to cross contamination of their kosher meals, but offer little detail or factual support for these allegations. MDOC has recently agreed and is now under a court order to provide a vegan meal which also satisfies kosher requirements. *Dowdy-El v. Caruso,* No. 06-11765, 2013 U.S. Dist. LEXIS 164893, at *2 (E.D. Mich. Nov. 20, 2013) (unpublished decision) (Defendants' Exhibit B). And the *Dowdy-El* Court specifically found that cross contamination was not a present issue, in part, since the vendor of these meals has its own certification process and procedures. *Id.* at *6-7.

Nor are Plaintiffs' the first group of Jewish prisoners to claim that MDOC's implementation of a Vegan meal program for all religious diets deprives them of kosher meats and dairy and therefore places a substantial burden on their religion. In *McKenzie v. Michigan Department of Corrections,* No. 2:13-cv-291, 2013 U.S. Dist. LEXIS 159981 (W.D. Mich. Nov. 8, 2013)(unpublished decision) (Defendants' Exhibit C), the court rejected the same allegations, finding no violation of the First Amendment or RLUIPA. *Id.* at *8-11. Plaintiffs' allegations in the instant matter should fare no differently.

4

## CONCLUSION AND RELIEF REQUESTED

MDOC Defendants are entitled to dismissal because Plaintiffs have failed to make a clear showing that a substantial burden has been placed on their ability to practice their chosen religion in light of MDOC's implementation of a Vegan meal program for all religious diets. Therefore, MDOC Defendants respectfully ask that this Court grant judgment in their favor and assess a litigation strike against each Plaintiff pursuant to 28 U.S.C. § 1915(g).

          Respectfully submitted,

          Bill Schuette
          Attorney General

          *s/ Allan J. Soros*
          ALLAN J. SOROS (P43702)
          Assistant Attorney General
          Attorneys for MDOC Defendants
          Corrections Division
          P.O. Box 30217
          Lansing, MI  48909
          (517) 335-7021
          Email:  sorosa@michigan.gov

Date:  December 4, 2013          [P43702]

Soros\FED Intake\2013-0059240-A Arnold\Mot & Brf to Dismiss (Rule 12b6)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MICHAEL ARNOLD #200493,
*et al.*,

    Plaintiffs,

v

DANIEL H. HEYNS, *et al.*,

    Defendants.

NO. 2:13-cv-14137

HON. PAUL D. BORMAN

MAG. MONA K. MAJZOUB

_____/

## CERTIFICATE OF SERVICE

    I certify that on **December 4, 2013**, I electronically filed **MDOC DEFENDANTS' MOTION TO DISMISS, BRIEF IN SUPPORT, INDEX OF EXHIBITS, and EXHIBITS A through C,** with the Clerk of the Court using the ECF system and I certify that my secretary, Joleen McQuiston, has mailed by U.S. Postal Service the papers to the following non-ECF participant(s):

Michael Arnold #200493
*In Pro Per*
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI  48880

Eric Lahti #315986
*In Pro Per*
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI  48880

Daniel Corralez #242499
*In Pro Per*
Central Michigan Correctional Facility
320 N. Hubbard
St. Louis, MI  48880

    *s/ Allan J. Soros*
ALLAN J. SOROS (P43702)
Assistant Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
Email:  sorosa@michigan.gov
(517) 335-7021
[P43702]

6