UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD, DANIEL
CORRALEZ, and ERIC LAHTI,

       Plaintiffs,

v.

       Civil Case No. 13-14137
       Honorable Linda V. Parker

DANIEL H. HEYNS, MICHAEL
MARTIN, and BRAD PURVIS,

       Defendants.
_____/

**OPINION AND ORDER (1) DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION [ECF NO. 3]; (2) DENYING DEFENDANTS' MOTION TO DISMISS [ECF NO. 14]; AND (3) ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S MARCH 4, 2014 REPORT & RECOMMENDATION [ECF NO. 16]**

On September 27, 2013, Plaintiffs commenced this action against Defendants pursuant to 42 U.S.C. § 1983. In their Complaint, Plaintiffs allege that Defendants are violating their rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by implementing a Michigan Department of Corrections ("MDOC") policy directive that replaces all previously offered religious menus with a vegan diet. Plaintiffs are Orthodox Jews incarcerated at MDOC's Central Michigan Correctional Facility in St. Louis, Michigan. Defendants are MDOC Director Daniel Heyns, MDOC

Special Activities Coordinator Michael Martin, and MDOC Food Service Director Brad Purves.  Plaintiffs are suing Defendants in their official capacities, only.

On the date they initiated this lawsuit, Plaintiffs also filed a Motion for Temporary Restraining Order and/or Motion for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65.  (ECF No. 3.)  On December 4, 2013, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 14.)  The lawsuit initially was assigned to the Honorable Paul D. Borman, who referred it to Magistrate Judge Mona K. Majzoub for all pretrial matters.  (ECF No. 11.)  On May 28, 2104, Judge Borman reassigned the lawsuit to the undersigned pursuant to Administrative Order 14-AO-030.  (ECF No. 27.)

Prior to the reassignment, on March 4, 2014, Magistrate Judge Majzoub had issued a Report and Recommendation ("R&R") in which she recommends that the Court deny Plaintiffs' motion for an injunction, grant in part and deny in part Defendants' motion to dismiss, and sua sponte dismiss Plaintiffs' Fourteenth Amendment claim.  (ECF No. 16.) With respect to Plaintiffs' motion,  Magistrate Judge Majzoub concludes that they fail to demonstrate that the relevant factors favor an injunction.  (*Id*. at 13-14.)  The magistrate judge recommends that the Court grant Defendants' motion to dismiss to the extent they seek dismissal of Plaintiffs' claims relating to cross-contamination, but deny the motion to the extent

2

Defendants challenge Plaintiffs' religious burden claims under the First Amendment and RLUIPA. (*Id.* at 5-10.) Defendants did not seek dismissal of Plaintiffs' Fourteenth Amendment claim in their motion. The magistrate judge nevertheless recommends that this Court sua sponte dismiss the claim, concluding that Plaintiffs do not allege that Defendants' conduct was motivated by purposeful discrimination and that they therefore fail to state a claim on which relief may be granted. (*Id.* at 11-12.)

At the conclusion of the R&R, Magistrate Judge Majzoub informs the parties that they must file any objections to the R&R within fourteen days of service. (*Id.* at 14.) Plaintiffs filed objections on March 26, 2014, which are signed and dated March 20. (ECF No. 20.) Plaintiffs indicate that they were served with copies of the R&R on March 6. (*Id.*)

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001)

3

(citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

## Analysis

Plaintiffs assert five objections to Magistrate Judge Majzoub's R&R.

Objection 1

Plaintiffs first challenge the magistrate judge's recommendation to dismiss their "cross-contamination claims."

In their Complaint, Plaintiffs allege *inter alia* that even if a vegan diet could be kosher, it "will not actually be kosher in any case because of how the MDOC washes its trays and utensils." (ECF No. 1 ¶ 27.) Magistrate Judge Majzoub recommends that the Court grant Defendants' motion to dismiss Plaintiffs' "claims" related to the MDOC's washing procedures, reasoning that "Plaintiffs' threadbare assertion, which contains no factual allegations regarding how the MDOC's washing procedures are improper, is not sufficient to state a plausible

claim for relief." (ECF No. 16 at 8.) In their objections, Plaintiffs assert that there are additional facts to support their claims and they set forth some of those facts.

Having reviewed the additional facts, the Court believes that Plaintiffs could state a plausible claim that MDOC's washing procedures lead to violations of their rights. Notably, however, this Court does not understand Plaintiffs to be asserting separate "cross-contamination claims." Instead, Plaintiffs' complaints regarding the way MDOC's contractor washes trays and utensils are asserted in support of their First Amendment and RLUIPA claims.

For these reasons, the Court rejects Magistrate Judge Majzoub's recommendation that these "claims" be dismissed.

Objection 2

In their second objection, Plaintiffs state their disagreement with certain adjectives used by Magistrate Judge Majzoub to describe their religious beliefs, such as "uncommon" and "unique", and her statement that those beliefs "may not be accurate." (*See* ECF No. 16 at 10, 13.) This Court finds it unnecessary to address this objection, as the magistrate judge's statements had no bearing on her recommendations. In other words, despite the descriptions used to describe Plaintiffs' religious beliefs, Magistrate Judge Majzoub concluded that the

5

Complaint alleged sufficient facts to find that those beliefs are "sincerely held" and therefore entitled to protection.

Objection 3

In their third objection, Plaintiffs argue that the magistrate judge erred in recommending sua sponte dismissal of their Fourteenth Amendment Equal Protection claim based on her finding that Plaintiffs insufficiently allege facts to suggest purposeful discrimination by Defendants. Plaintiffs further take issue with Magistrate Judge Majzoub's finding that "Defendants appear to be attempting to accommodate Plaintiffs' religious beliefs." (*See* ECF No. 16 at 12.)

To prevail on their claim alleging a violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs must show that Defendants intentionally discriminated against them because of their membership in a protected class. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987); *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). As the Sixth Circuit recently stated, "[t]he purpose of the Equal Protection Clause is to 'protect against invidious discrimination among similarly-situated individuals' thereby ensuring that all similarly-situated people are treated alike." *Dog Pound, LLC v. City of Monroe, Mich.*, – F. App'x –, 2014 WL 929154, at *2 (6th Cir. 2014) (brackets and ellipsis removed) (quoting *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir.2006)).

In their objections, Plaintiffs assert additional facts to support their Equal Protection claim, some of which could suggest that Defendants' conduct was motivated by purposeful discrimination. Nevertheless, Plaintiffs do not allege facts in their Complaint or in any other pleading before this Court supporting their assertion that they were treated differently than any similarly situated prisoner on account of their religion. Under the challenged MDOC policy, all prisoners requiring a religious diet– regardless of which religious beliefs they adhere to– are provided the vegan diet. Prisoners being served meat and cheese are not similarly situated to Plaintiffs because those prisoners presumably do not maintain beliefs demanding special handling or consumption of such items.

For these reasons, the Court adopts Magistrate Judge Majzoub's recommendation to sua sponte dismiss Plaintiffs' claim brought pursuant to the Equal Protection Clause of the Fourteenth Amendment.

Objection 4

Plaintiffs next object to the magistrate judge's analysis of their request for injunctive relief. To decide whether Plaintiffs are entitled to a temporary or preliminary injunction, the Court considers the following factors: (1) whether they have demonstrated a strong or substantial likelihood of success on the merits; (2) whether they will suffer irreparable injury absent an injunction; (3) whether an

injunction will cause substantial harm to others; and (4) whether the public interest would be served if an injunction issues. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted). Magistrate Judge Majzoub found that Plaintiffs did not meet their burden of showing a strong likelihood of success on the merits. She further also noted that Plaintiffs only conclusively state that the other factors favor the grant of their request for injunctive relief.

In their objections, Plaintiffs encourage this Court to consider the additional facts they now offer and to reexamine whether they are likely to succeed on the merits of their claims. Plaintiffs also cite to *Willis v. Commissioner, Indiana Department of Corrections*, 753 F. Supp. 2d 768 (S.D. Ind. 2010), as support for their likely success. *Willis* was a class action civil rights lawsuit brought by a Jewish inmate in Indiana's prison system, challenging the adoption of a vegan diet to replace the previously offered kosher diet by the State's department of corrections. *Id.* Ruling on cross-motions for summary judgment, the District Court for the Southern District of Indiana held that prisoners seeking a kosher diet were not being provided one under the food preparation methods used and that denial of a kosher diet to Jewish inmates substantially burdened their religious exercise in violation of RLUIPA. *Id.* at 777. The district judge further found that

the department of corrections failed to demonstrate that the imposition of this burden furthered a compelling governmental interest and constituted the least restrictive means of furthering that interest. *Id*. at 777-80.

The facts that enabled the Indiana district court to rule in the plaintiff's favor in that case, however, are not yet developed in the present litigation. For example, it is not evident how MDOC's contractor prepares the vegan meals and thus whether there is contamination that renders those meals non-kosher. More importantly, however, there has been no development of the facts necessary to determine whether any burden on Plaintiffs' rights is justified by a compelling interest or whether the vegan option is the least restrictive means of furthering that interest. Defendants do not violate Plaintiffs' rights if the burden on those rights furthers a compelling interest and the vegan diet policy is the least restrictive means of furthering that interest. *See* 42 U.S.C. § 2000cc-1.

As such, the Court rejects Plaintiffs' objection and adopts Magistrate Judge Majzoub's recommendation to deny Plaintiffs' motion for injunctive relief at this time.

Objection 5

In their fifth objection, Plaintiffs argue that the magistrate judge misapplied applicable law and relied on unpublished opinions when stronger precedent exists.

Because this Court has discussed the correctness of the magistrate judge's analysis of Plaintiffs' claims above, it finds no reason to address this objection. Moreover, Magistrate Judge Majzoub accurately stated the relevant law, regardless of whether it is set forth in unpublished and/or non-binding decisions.

Summary

For the reasons set forth herein, the Court adopts Magistrate Judge Majzoub's recommendation to deny Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction and to sua sponte dismiss Plaintiffs' Fourteenth Amendment claim. However, the Court rejects the magistrate judge's recommendation to dismiss Plaintiffs' "cross-contamination claims."

Accordingly,

**IT IS ORDERED**, that Magistrate Judge Majzoub's March 4, 2014 Report and Recommendation is adopted in part and rejected in part;

**IT IS FURTHER ORDERED**, that Plaintiffs' Motion for a Temporary Restraining Order and/or Preliminary Injunction [ECF No. 3] is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendants' Motion to Dismiss [ECF No. 14] is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiffs' claim alleging violations of the Equal Protection Clause of the Fourteenth Amendment is sua sponte **DISMISSED WITH PREJUDICE**.

                                               S/ Linda V. Parker
                                               LINDA V. PARKER
                                               U.S. DISTRICT JUDGE

Dated: June 24, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 24, 2014, by electronic and/or U.S. First Class mail.

                                               S/ Richard Loury
                                               Case Manager