UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD, DANIEL
CORRALEZ, and ERIC LAHTI,

      Plaintiffs,

v.

                                Civil Case No. 13-14137
                                Honorable Linda V. Parker

DANIEL H. HEYNS, MICHAEL
MARTIN, and BRAD PURVIS,

      Defendants.
_____/

**OPINION AND ORDER (1) REJECTING MAGISTRATE JUDGE'S JULY 30, 2014 REPORT & RECOMMENDATION AND (2) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On September 27, 2013, Plaintiffs commenced this action against Defendants pursuant to 42 U.S.C. § 1983. In their Complaint, Plaintiffs allege that Defendants are violating their rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by implementing a Michigan Department of Corrections ("MDOC") policy directive that replaces all previously offered religious menus with a vegan diet.[1] Plaintiffs

---

[1] In an Opinion and Order issued June 24, 2014, this Court adopted Magistrate Judge Mona K. Majzoub's recommendation to sua sponte dismiss Plaintiffs' Fourteenth Amendment Equal Protection claim. (ECF No. 28.)

are Orthodox Jews incarcerated in MDOC prison facilities.[1]  On March 25, 2014, Defendants filed a motion for summary judgment, claiming that Plaintiffs' claims should be dismissed due to Plaintiffs' failure to exhaust MDOC's grievance procedures. (ECF No. 18.)  The motion has been fully briefed.  Plaintiffs subsequently filed a Motion for Appointment of an Expert Witness (ECF No. 22), Motion for Discovery (ECF No. 24), and Motion for Sanctions (ECF No. 25.)  This matter has been referred to Magistrate Judge Mona K. Majzoub for all pretrial matters.  (ECF No. 11.)

On July 30, 2014, Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") in which she recommends that the Court grant Defendants' summary judgment motion and deny Plaintiffs' motions as moot. (ECF No. 31.)  Magistrate Judge Majzoub concludes that Plaintiffs' complaints concerning MDOC's vegan menu, as set forth in MDOC Policy Directive 05.03.150, are grievable.  (*Id.* at 7-8.) The magistrate judge rejects Plaintiffs' arguments that their challenges are non-grievable under MDOC Policy Directive

---

[1] When they filed their Complaint, Plaintiffs were all housed at MDOC's Central Michigan Correctional Facility in St. Louis, Michigan.  On July 28, 2014, the Court received a notice from Plaintiff Michael Arnold indicating that he had been moved to MDOC's Macomb Correctional Facility.  (ECF No. 30.)

03.02.130(F), concluding that Plaintiffs are not grieving the content of a policy or procedure but rather the specific application of a policy to them.[2] (*Id.*)

At the conclusion of the R&R, Magistrate Judge Majzoub informs the parties that they must file any objections to the R&R within fourteen days of service. (*Id.* at 8-9.) Plaintiffs' objections, signed and dated August 14, 2014, were received by the Court and filed on August 20, 2014. (ECF No. 32.) According to the objections, Plaintiffs Daniel Corralez and Eric Lahti received the R&R on August 1, 2014. (*Id.* at 1.) Plaintiffs do not indicate when Plaintiff Michael Arnold received a copy. Defendants filed a response to Plaintiffs' objections on August 27, 2014, in which they contend in part that Plaintiffs' objections are untimely. (ECF No. 37.)

## Standard of Review

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo*

---

[2]Subsection (F) states:

> A grievant may not grieve the content of policy or procedure except as it was specifically applied to the grievant. If a CFA prisoner has a concern with the content of a policy or procedure, s/he may direct comments to the Warden's Forum as provided in PD 04.01.150 "Prisoner Housing Unit Representatives/Warden's Forum".

MDOC Policy Directive 03.02.130(F).

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S. Ct. 466, 472 (1985).

## Analysis

As an initial matter, Defendants are incorrect in their claim that Plaintiffs' objections to Magistrate Judge Majzoub's July 30, 2014 R&R are untimely.  As the magistrate judge advised, objections must be filed "within fourteen (14) days *of service* of a copy . . .." (ECF No. 31 at 8, emphasis added.)  The Federal Rules of Civil Procedure provide that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."  Plaintiffs were served with a copy of the R&R via regular U.S. mail in accordance with

4

Federal Rule of Civil Procedure 5(b)(2)(C).  Thus even assuming that they were served with the R&R on July 31, 2014 (the day after it was issued and mailed)– which this Court finds unlikely and which Plaintiffs deny– their objections were not due until August 18, 2014.[3]

Plaintiffs' objections were signed and dated August 14, 2014.  Absent evidence to the contrary, a federal court will assume, pursuant to the "prison mailbox rule," that a prisoner gave his habeas petition or other pleadings to prison officials on the date he signed it. *See e.g. Hudson v. Martin*, 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999); *see also Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  As such, even when calculating the deadline for Plaintiffs to file their objections from the day after the R&R was issued (again, improbable swiftness for the delivery of mail to anyone, much less prisoners), their objections are timely.  For Defendants to argue otherwise is frivolous.

In their objections, Plaintiffs contend that the magistrate judge erred in finding their challenge to MDOC Policy Directive 05.03.150 grievable.  First, they contend that the magistrate judge was incorrect in finding that they are not challenging a policy, but rather the specific application of the policy to them.

---

[3] The fourteenth day fell on August 16, 2014, which was a Saturday.  *See* Fed. R. Civ. P. 6(a)(1)(C) (providing that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

5

Second, Plaintiffs argue that they were specifically advised that their challenge is not grievable as it affects multiple prisoners and that they must raise the challenge in the Warden's Forum. Plaintiffs contend, and attach evidence to their objections to show, that they attempted to place the issue on the agenda for the Warden's Forum, without success.

> The policy directive at issue provides:
>
> The Department offers a religious menu to meet the religious dietary needs of prisoners. The Department will begin offering a Vegan menu which will replace all currently approved religious menus . . ..
>
> The Vegan menu shall comply with Kosher and Halal religious tenets. A prisoner who believes the Vegan menu does not meet his/her religious dietary needs may request an alternative menu. An alternative menu will be developed and provided only with approval of the Deputy Director and only if it is determined that the Vegan menu does not meet the religious dietary needs of the prisoner. All religious menus shall meet the minimum nutritional standards set forth in PD 04.07.100 "Offender Meals". The Deputy Director or designee shall determine at which facilities religious meals will be offered.

MDOC Policy Directive 05.03.150(PP) (effective July 26, 2013). In one respect, Plaintiffs are challenging the content of this policy rather than its specific application to them, in that they contend the policy does not in fact comply with Kosher religious tenets as it states. As such, this Court disagrees with Magistrate Judge Majzoub and finds that Plaintiffs' challenge is not grievable under MDOC Policy Directive 03.02.130(F).

6

Moreover, contrary to the magistrate judge's assumption, Plaintiffs present evidence to show that prison officials informed them that their issues were non-grievable. Specifically, in their objections, Plaintiffs indicate that when Bernadette Trudell, Michigan Correctional Facility's former Food Service Director, interviewed Plaintiff Michael Arnold concerning a grievance addressing other matters, he asked her whether he could file a grievance regarding the new menu. (Obj. at 4.) Trudell told Arnold, "You can't grieve it, it's policy." (*Id*.) Similarly, Plaintiff Daniel Corralez sent a memo to the facility's Grievance Coordinator on September 17, 2013, asking whether prisoners claiming that their religious rights are violated by the enactment of Policy Directive 05.03.150 could challenge the policy in a grievance. (Obj., Ex. KK.) Plaintiffs indicate that Corralez never received a response. (Obj. at 5.) They assert that other staff at the facility told Plaintiffs that they had to raise the issue in the Warden's Forum. Plaintiffs' attempts to raise the issue in that manner were ignored. (*See* Obj., Exs. LL, MM, OO, PP, QQ, RR.)

The information provided to Plaintiffs by prison staff is consistent with MDOC policy making complaints involving a significant number of prisoners non-grievable. *See Figel v. Bouchard*, 89 F. App'x 970 (6th Cir. 2004) (vacating district court's dismissal of prisoner civil rights complaint involving heat and

7

ventilation because the issue was non-grievable as a group issue and "[t]he prison grievance coordinator advised [the] plaintiff that his complaints would be rejected as a 'group issue.'"). While Plaintiffs fail to identify each prison employee who told them the issue was not grievable, the Court finds that they provide specific and sufficient evidence (including the identify of at least one individual who conveyed this information) to survive Defendants' summary judgment motion.[4]

For these reasons, the Court rejects Magistrate Judge Majzoub's recommendation to grant Defendants' summary judgment motion and to deny as moot Plaintiffs' motions, as set forth in her July 30, 2014 R&R.[5]

---

[4]Defendants point out that Plaintiffs failed to offer this evidence in response to their summary judgment motion. There is case law holding that evidence submitted in connection with a motion to reconsider that was available earlier should not be considered. *See DaimlerChrysler Serv. N. Am., LLC v. Summit Nat'l, Inc.*, 144 F. App'x 542, 548 (6th Cir. 2005) (finding no error in the trial court's decision to deny motion for reconsideration where "[t]he additional evidence before the court in connection with the motion to reconsider was available to [the plaintiff] at an earlier time."); *Publishers Res., Inc. v. Walker-Davis Publ'n, Inc.*, 762 F.2d 557 (7th Cir. 1985) (holding that motions for reconsideration "cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion."). Nevertheless, this Court must consider Plaintiffs' status as pro se litigants in deciding whether they should have submitted this evidence earlier. Further, the Sixth Circuit has considered evidence only presented on a motion for relief from judgment in deciding to reverse a district court's decision. *See, e.g., Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011). Thus the Court believes it may consider Plaintiffs' evidence now.

[5]The magistrate judge therefore should address the merits of Plaintiffs' pending motions.

Accordingly,

**IT IS ORDERED**, that Defendants' Motion for Summary Judgment (ECF No. 18) is **DENIED**.

S/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: November 19, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 19, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury<br>
Case Manager