## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**MICHAEL ARNOLD, DANIEL
CORRALEZ, and ERIC LAHTI,**

          **Plaintiffs,**           **CIVIL ACTION NO. 13-CV-14137**

      **vs.**                  **DISTRICT JUDGE LINDA V. PARKER**

                           **MAGISTRATE JUDGE MONA K. MAJZOUB**

**DANIEL H. HEYNS, MICHAEL
MARTIN, and BRAD PURVIS, in
their official capacities,**

          **Defendants.**

_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR APPOINTMENT OF EXPERT WITNESS [22] WITHOUT PREJUDICE, DENYING PLAINTIFFS' MOTION FOR DISCOVERY [24] AND MOTION FOR SANCTIONS [25], DENYING PLAINTIFF ARNOLD'S MOTION TO SEVER [38], AND GRANTING DEFENDANTS' MOTION TO TAKE PLAINTIFFS' DEPOSITIONS [43]

Plaintiffs Michael Arnold, Daniel Corralez, and Eric Lahti, then prisoners at the Central Michigan Correctional Facility (STF) in St. Louis, Michigan,[1] filed this action under 42 U.S.C. § 1983 against Daniel Heyns (Director of the Michigan Department of Corrections (MDOC)), Michael Martin (Special Activities Coordinator for MDOC), and Brad Purves (Food Service Director for MDOC), in their official capacities, alleging that Defendants have violated Plaintiffs' rights under the First Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (RLUIPA), by implementing MDOC Policy Directive (P.D.) 05.03.150, under which MDOC replaced all previously offered religious menus with a Vegan menu.

_____

[1]Plaintiff Arnold has since been transferred to the Macomb Correctional Facility.

(Docket no. 1.) Plaintiffs, three Orthodox Jews, seek a declaratory judgment finding that Defendants have violated the First Amendment and RLUIPA by "forcing the Plaintiffs to eat a religious diet that does not comport with their beliefs.[2] (*Id.* at 14-15.) Plaintiffs do not seek monetary damages.

Before the Court are Plaintiffs' Motion for Appointment of an Expert Witness (docket no. 22), First Motion for Discovery (docket no. 24), and Motion for Sanctions Under Fed. R. Civ. P. Rule 11 (docket no. 25); Plaintiff Michael Arnold's Motion to Sever Co-Plaintiffs Pursuant to Fed. R. Civ. P. 21 (docket no. 38); and Defendants' Motion to take Plaintiffs' Depositions (docket no. 43).[3] Defendants filed a Response to Plaintiff's Motion for Sanctions. (Docket no. 26.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 29; *see also* docket no. 40.) The undersigned has reviewed the pleadings and dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2). The Motions are ready for ruling.

## I.   Facts and Procedural History

MDOC Policy Directive 05.03.150, which took effect on July 26, 2013, states in relevant part as follows:

> The Department offers a religious menu to meet the religious dietary needs of prisoners. The Department will begin offering a Vegan menu which will replace all currently approved religious menus on the following dates for the listed facilities:
>
> 1.   The week of September 15, 2013: . . . Central Michigan Correctional Facility.

---

[2] The Court has previously dismissed Plaintiffs' claims for alleged violations of the Fourteenth Amendment. (*See* docket no. 28.)

[3] Also pending before the Court is Plaintiffs' Second Motion for Temporary Restraining Order or Preliminary Injunction. (Docket no. 33.) The undersigned, however, must address such a motion through a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1).

.    .    .

> The Vegan menu shall comply with Kosher and Halal religious tenets.  A prisoner who believes the Vegan menu does not meet his/her religious dietary needs may request an alternative menu.  An alternative menu will be developed and provided only with approval of the Deputy Director and only if it is determined that the Vegan menu does not meet the religious dietary needs of the prisoner.  All religious menus shall meet the minimum nutritional standards set forth in PD 04.07.100 "Offender Meals".  The Deputy Director or designee shall determine at which facilities religious meals will be offered.

MDOC PD 05.03.150 (PP).  When this vegan menu took effect, Prisoners who ate from the "main line" would continue to have a variety of foods available to them, including meat and dairy.

In their Complaint, Plaintiffs allege that "[they] are Orthodox Jews" and that "[t]heir religious beliefs do not command them to practice vegetarianism or to be a Vegan."  (Docket no. 1 at 8.)  Specifically, they allege that they are required to follow "the mitzvah (commandment) to eat meat and keep kosher;" that a Vegan diet is not a Kosher diet; that even if a Vegan diet could be Kosher, it "will not actually be kosher . . . because of how the MDOC washes its trays and utensils;" and that "MDOC could make Kosher meat products (and dairy products such as cheese) products (sic) available to Jewish prisoners for purchase, but is has chosen not to." (*Id.* at 10, 13.)  Plaintiffs also filed a Motion for Temporary Restraining Order or for Preliminary Injunction.  (Docket no. 3.)

On December 4, 2013, Defendants filed a Motion to Dismiss.  (Docket no. 14.)  Plaintiffs filed a Response (docket no. 15), and on March 3, 2014, the undersigned recommended that the Court dismiss Plaintiffs' claims with regard to the MDOC's washing of trays and utensils and Plaintiff's Fourteenth Amendment Claims; the undersigned further recommended that the Court deny Plaintiffs' Motion for TRO or Preliminary Injunction.  (Docket no. 16.)

On June 24, 2014, the Court denied Plaintiffs' Motion for Preliminary Injunction and

3

dismissed Plaintiff's Fourteenth Amendment claims but allowed all of Plaintiff's RLUIPA claims to survive. (Docket no. 28.) In the interim, however, Plaintiffs filed their Motion for Appointment of an Expert Witness (docket no. 22), Motion for Discovery (docket no. 24), and Motion for Sanctions (docket no. 25), all of which are currently pending before the Court. And Defendants filed a Motion for Summary Judgment. (Docket no. 18.)

On July 30, 2014, the undersigned recommended that Defendants' Motion for Summary Judgment be granted because Plaintiffs failed to exhaust their administrative remedies. (Docket no. 31.) Plaintiffs objected to the Report and Recommendation and also filed a Second Motion for Temporary Restraining Order or Preliminary Injunction. (Docket no. 33.) Plaintiff Michael Arnold then filed a Motion to Sever Co-Plaintiffs. (Docket no. 38.) The Court denied Defendants' Motion based on Plaintiffs' objections and re-referred the outstanding Motions to the undersigned for consideration. (Docket nos. 39 and 40.) Defendants then filed their Motion to take Plaintiffs' Depositions. (Docket no. 43.)

## I. Plaintiff's Motion for Appointment of an Expert Witness [22]

In their Motion for Appointment of an Expert Witness, Plaintiffs ask the Court to appoint an expert under Fed. R. Evid. 706(a) "in relation to the issue of soy and its side-effects due to wide consumption on men, as well as, a nutritional/caloric analysis if said Vegan Menu meets the [MDOC] standard of 2600 calories per day." (Docket no. 22 at 2.) Plaintiffs acknowledge that "appointment of an expert witness is not common place," but they argue that appointment is necessary in this matter because of the complexity of the issues. (*Id.* at 4.)

Fed. R. Evid. 706(a) provides that "[o]n a party's motion or on its own, the court may order

the parties to show cause why expert witnesses should not be appointed." But "the use of court-appointed experts is relatively infrequent and most judges 'view the appointment of an expert as an extraordinary activity that is appropriate only in rare circumstances.'" *Blosser v. Gilbert*, 2008 WL 4377343, at *2 (E.D. Mich. Sept. 24, 2008) (quoting *Tangwall v. Robb*, 2003 WL 23142190, at *4 (E.D.Mich. Dec.23, 2003)). Indeed, courts "should appoint an expert only in the most 'compelling' of circumstances." *Blosser*, supra at *2 (internal citations omitted). The Court acknowledges that if this matter proceeds to trial or if Plaintiffs are required to address the merits of their arguments with regard to the side effects or nutritional value of soy, expert testimony may be required. As the matter stands, however, appointment of an expert witness is unnecessary. Therefore, the Court will deny Plaintiffs' Motion without prejudice.

## II.      Plaintiffs' Motion for Discovery [24]

Plaintiffs' Motion for Discovery asks the Court to order Defendants to produce various documents for inspection and copying under Fed. R. Civ. P. 34. (Docket no. 24.) Such a request, however, is improper. While Plaintiffs may file a Motion to Compel responses to discovery under Fed. R. Civ. P. 37 if Defendants fail to properly respond, they must first serve Defendants with such discovery requests as provided in Fed. R. Civ. P. 26, 33, and 34. That is, Plaintiffs' discovery requests must first be directed to Defendants, not filed with the Court. Plaintiff's Motion will be denied.

## III.     Plaintiffs' Motion for Sanctions [25]

Through their Motion for Sanctions, Plaintiffs seek sanctions under Fed. R. Civ. P. 11 for what Plaintiffs assert are Defendants' "misrepresent[ations] of factual maters," "frivolous and baseless claims," and "pleading[s] . . . clearly intended to vex, harass, cause unnecessary delay

5

and/or needlessly increase the cost of litigation." (Docket no. 25 at 2.) Specifically, Plaintiffs argue that (2) they have "caught the Defendants in a lie" because there is no "alternative menu" as Defendants have argued throughout this litigation; (2) Defendants' argument regarding whether Plaintiffs' claims were grievable (that is, Defendants' Motion for Summary Judgment) was "preposterous" and that "[n]o competent attorney could believe by existing or good faith" that the argument "had any chance of success;" and (3) Defendants Motion for Summary Judgment "contained three pages of poorly-reasoned legalese, which was followed by page after page after page of an index listing the P.D.'s and O.P.'s by which the MDOC governs itself, topped off by an MDOC official giving a very convenient interpretation of policy," which Plaintiff says "another jailhouse lawyer . . . opined . . . was 'fluff.'" (*Id.* at 5-9.) Plaintiffs ask the court to "levy fitting penalties" or "order the Defendants to produce a copy of the alternative menu." (*Id.* at 9.) Defendants ignore the substance of Plaintiffs' arguments and assert that Plaintiffs did not properly comply with Rule 11's safe-harbor requirements. (Docket no. 26 at 2-3.) Defendants are correct.

Rule 11(a), provides that every pleading and other paper must be signed by at least one attorney of record or by a party if that party is unrepresented. Fed. R. Civ. P. 11(a). Subsection (b) states that by presenting to the court such a pleading or paper, the attorney or *pro se* party certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the paper is not being presented for any improper purpose, such as to harass. Fed. R. Civ. P. 11(b)(1). Rule 11(c)(2) provides that a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). Fed. R. Civ. P. 11(c)(1). In addition, the "motion *must be served under Rule 5*, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is

withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2) (emphasis added). The Sixth Circuit has held that "sanctions under Rule 11 are unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day 'safe harbor' period before it is filed with or presented to the court; this service and filing must occur prior to final judgment or judicial rejection of the offending contention." Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997). Because Plaintiffs have not shown that they complied with the twenty-one day safe-harbor provision of Rule 11, their motion will be denied.

## IV.   Plaintiff Arnold's Motion to Sever

Under Rule 21, a court "may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. District courts have broad discretion with regard to severance under Rule 21. *See Deskovic v. City of Peekskill*, 673 F.Supp.2d 154, 159-60 (S.D.N.Y. 2009); *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir.1983). The moving party bears the burden of demonstrating that "severance is required to avoid prejudice or confusion and to promote the ends of justice." *See Bey v. City of N.Y.*, No. 99 Civ. 3873(LMM), 2009 WL 1911742, at *1 (S.D.N.Y. June 30, 2009) (*citing Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97 Civ. 0607(PKL), 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000)). Moreover, when considering a Rule 21 motion to sever, courts look to Rule 20 for guidance. *Coalition to Defend Affirmative Action, Integration and Immigrant Rights and Fight for Equality by Any Means Necessary v. Regents of the University of Michigan et. al*, 701 F.3d 466, 489 (6th Cir. 2012); *see also In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed.Cir. 2012); *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir.2010); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir.1997). Under Rule 20(a)(1), joinder

7

is proper if "(A) [the plaintiffs] assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed.R.Civ.P. 20(a)(1).  But courts also consider "(1) whether severance would serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *See, e.g.*, *Kehr v. Yamaha Motor Corp.*, 596 F.Supp.2d 821, 826 (S.D.N.Y.2008).

In the instant matter, it is undisputed that Plaintiffs are properly joined under Rule 20(a)(1). Plaintiffs assert a joint right to relief for alleged civil-rights violations by Defendants.  The facts, the questions of law, the witnesses, and all of the evidence in this matter will be the same for each Plaintiff.  Nevertheless, Plaintiff Arnold asks the Court to sever his claims from those of his co-Plaintiffs because they have allegedly been forging his name on documents filed with the Court and have been unable or unwilling to communicate with him since he was transferred to another prison in July 2014.  (*See* docket no. 38.)  While the Court does not take Plaintiff Arnold's allegations against his co-Plaintiffs lightly, it would not serve the ends of justice to sever Plaintiff Arnold from his co-Plaintiffs at this time.  If the Court were to sever the Plaintiffs in this matter, the parties would be required to participate in a bifurcated process of identical discovery and cumulative motion practice.  Moreover, if the matter were severed and both cases proceeded to a final decision, the results could be opposing verdicts with divergent rulings.  Therefore, Plaintiff Arnold's Motion will be denied.

Nevertheless, Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  Thus,

8

Plaintiffs Corralez and Lahti should take caution to ensure that Plaintiff Arnold personally signs the documents that they file with the Court if the documents bear his name. Filing such a document without Plaintiff Arnod's personal signature would be a violation of Rule 11 and could result in sanctions, including monetary sanctions, an unfavorable ruling on the motion or pleading at issue, or even dismissal of their claims.

**V.      Defendants' Motion for Leave to Take Plaintiffs' Depositions [43]**

Defendants move for leave of Court to take Plaintiffs' depositions. Rule 30(a)(2)(B) provides that a party "must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). The Court will grant Defendants' Motion. Counsel for Defendants may make arrangements to take Plaintiffs' depositions at a date and time convenient for the correctional facilities in which they are incarcerated.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Appointment of Expert Witness [22] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Discovery [24] and Motion for Sanctions [25] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Arnold's Motion to Sever Co-Plaintiffs [38] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to take Plaintiffs' Depositions [43] is **GRANTED**.


**NOTICE TO THE PARTIES**

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: December 16, 2014          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Plaintiff and Counsel of Record on this date.

Dated: December 16, 2014          s/ Lisa C. Bartlett
                                  Case Manager