# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MICHAEL ARNOLD, DANIEL CORRALEZ, and ERIC LAHTI,**

        **Plaintiffs,**              **CIVIL ACTION NO. 13-CV-14137**

        **vs.**                        **DISTRICT JUDGE LINDA V. PARKER**

                                       **MAGISTRATE JUDGE MONA K. MAJZOUB**

**DANIEL H. HEYNS, MICHAEL MARTIN, and BRAD PURVIS, in their official capacities,**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiffs Michael Arnold, Daniel Corralez, and Eric Lahti, then prisoners at the Central Michigan Correctional Facility (STF) in St. Louis, Michigan,[1] filed this action under 42 U.S.C. § 1983 against Daniel Heyns (Director of the Michigan Department of Corrections (MDOC)), Michael Martin (Special Activities Coordinator for MDOC), and Brad Purves (Food Service Director for MDOC), in their official capacities, alleging that Defendants have violated Plaintiffs' rights under the First Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (RLUIPA), by implementing MDOC Policy Directive (P.D.) 05.03.150, under which MDOC replaced all previously offered religious menus with a Vegan menu. (Docket no. 1.) Plaintiffs, three Orthodox Jews, seek a declaratory judgment finding that Defendants have violated the First Amendment and RLUIPA by "forcing the Plaintiffs to eat a religious diet that

---

[1]Plaintiff Arnold has since been transferred to the Macomb Correctional Facility.

1

does not comport with their beliefs.[2]  (*Id.* at 14-15.)  Plaintiffs do not seek monetary damages.

Before the Court are Plaintiffs' Second Motion for Temporary Restraining Order and/or Preliminary Injunction (docket no. 33) and Plaintiff Corralez and Lahti's Motion to be Dropped from the Case Pursuant to Fed. R. Civ. P. 21 (docket no. 48).[3]  All pretrial matters have been referred to the undersigned for consideration. (Docket no. 29.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I.      Recommendation

For the reasons stated herein, the undersigned recommends granting Plaintiff Corralez and Lahti's Motion to be Dropped from the Case Pursuant to Fed. R. Civ. P. 21 [48].  Further, because Plaintiff's Corralez and Lahti will have withdrawn from this matter and Plaintiff Arnold did not sign Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction [33], the Court should deny the same without prejudice.  Additionally, the Court should deny Plaintiff Corralez and Lahti's outstanding Motion for Discovery [44] and Motion Opposing Defendants' Motion to take Plaintiffs' Deposition [47] as moot.  Therefore, this matter should proceed with Plaintiff Arnold as the only remaining Plaintiff.

## II.     Report

### A.      Facts

---

[2]The Court has previously dismissed Plaintiffs' claims for alleged violations of the Fourteenth Amendment.  (*See* docket no. 28.)

[3]Also currently pending are Plaintiff Corralez and Lahti's Motions for Discovery (docket no. 44) and Opposing Defendant's Motion to take Plaintiffs' Depositions (docket no. 47); Plaintiff Arnold's Motion Opposing Defendant's Motion to take Plaintiffs' Depositions (docket no. 49); and Plaintiffs' joint Motion to Appoint Counsel (docket no. 46).

MDOC Policy Directive 05.03.150, which took effect on July 26, 2013, states in relevant part as follows:

> The Department offers a religious menu to meet the religious dietary needs of prisoners. The Department will begin offering a Vegan menu which will replace all currently approved religious menus on the following dates for the listed facilities:
>
> 1.   The week of September 15, 2013: . . . Central Michigan Correctional Facility.
>
> .   .   .
>
> The Vegan menu shall comply with Kosher and Halal religious tenets. A prisoner who believes the Vegan menu does not meet his/her religious dietary needs may request an alternative menu. An alternative menu will be developed and provided only with approval of the Deputy Director and only if it is determined that the Vegan menu does not meet the religious dietary needs of the prisoner. All religious menus shall meet the minimum nutritional standards set forth in PD 04.07.100 "Offender Meals". The Deputy Director or designee shall determine at which facilities religious meals will be offered.

MDOC PD 05.03.150 (PP). When this vegan menu took effect, Prisoners who ate from the "main line" would continue to have a variety of foods available to them, including meat and dairy.

In their Complaint, Plaintiffs allege that "[they] are Orthodox Jews" and that "[t]heir religious beliefs do not command them to practice vegetarianism or to be a Vegan." (Docket no. 1 at 8.) Specifically, they allege that they are required to follow "the mitzvah (commandment) to eat meat and keep kosher;" that a Vegan diet is not a Kosher diet; that even if a Vegan diet could be Kosher, it "will not actually be kosher . . . because of how the MDOC washes its trays and utensils;" and that "MDOC could make Kosher meat products (and dairy products such as cheese) products (sic) available to Jewish prisoners for purchase, but is has chosen not to." (*Id.* at 10, 13.) Plaintiffs also filed a Motion for Temporary Restraining Order or for Preliminary Injunction. (Docket no. 3.)

On December 4, 2013, Defendants filed a Motion to Dismiss. (Docket no. 14.) Plaintiffs

3

filed a Response (docket no. 15), and on March 3, 2014, the undersigned recommended that the Court dismiss Plaintiffs' claims with regard to the MDOC's washing of trays and utensils and Plaintiff's Fourteenth Amendment Claims; the undersigned further recommended that the Court deny Plaintiffs' Motion for TRO or Preliminary Injunction. (Docket no. 16.)

On June 24, 2014, the Court denied Plaintiffs' Motion for Preliminary Injunction and dismissed Plaintiff's Fourteenth Amendment claims but allowed all of Plaintiff's RLUIPA claims to survive. (Docket no. 28.) In the interim, however, Plaintiffs filed their Motion for Appointment of an Expert Witness (docket no. 22), Motion for Discovery (docket no. 24), and Motion for Sanctions (docket no. 25). Additionally, Defendants filed a Motion for Summary Judgment. (Docket no. 18.)

On July 30, 2014, the undersigned recommended that Defendants' Motion for Summary Judgment be granted because Plaintiffs failed to exhaust their administrative remedies. (Docket no. 31.) Plaintiffs objected to the Report and Recommendation and also filed a Second Motion for Temporary Restraining Order or Preliminary Injunction. (Docket no. 33.) Plaintiff Michael Arnold then filed a Motion to Sever Co-Plaintiffs in which he argued that Plaintiffs Corallez and Lahti where forging his signature on court filings. (Docket no. 38.) The Court denied Defendants' Motion for Summary Judgment based on Plaintiffs' objections and re-referred the outstanding Motions to the undersigned for consideration. (Docket nos. 39 and 40.) Defendants then filed their Motion to take Plaintiffs' Depositions. (Docket no. 43.) On December 16, 2014, the Court (in relevant part) denied Plaintiff Arnold's Motion to Sever and granted Defendants' Motion to Take Plaintiffs' Depositions. (Docket no. 45.)

**B.      Analysis**

4

1.      **Plaintiffs Corralez and Lahti**

On December 29, 2014, Plaintiffs Corralez and Lahti filed their Motion to be Dropped from the Case Pursuant to Fed. R. Civ. P. 21.  (Docket no. 48.)  In their Motion, they note that they "have no further interest in pursuing this matter."  (*Id.* at 2.)  Plaintiffs Corralez and Lahti both assert that they will be released from prison in 2015 and that they will not benefit from injunctive relief.  Moreover, they note, their relationship with Plaintiff Arnold has broken down, and they "have made the decision to allow Plaintiff Arnold to adjudicate the case on his own."  (*Id.* at 5.)

Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  Fed. R. Civ. P. 21.  Under this rule, courts consider whether allowing withdrawal would be unduly prejudicial to the nonmoving party.  *Saxer v. Vermont Minerals, Ltd*, 1985 WL 86 (S.D.N.Y. Jan. 16, 1985).  Courts also are guided by the standard for Rule 41 voluntary dismissals.  The Sixth Circuit has said that under that rule the question is whether the defendant would suffer "plain legal prejudice" as a result of the dismissal.  *Grover v. Eli Lily and Co.*, 33 F.3d 716, 718 (6th Cir. 1994).  In determining such prejudice the court considers such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on plaintiff's part in prosecuting the case, insufficient explanation for the need for dismissal, and whether a motion for summary judgment is pending.  *Id.*  In general, a motion to dismiss should be granted unless a defendant will suffer plain legal prejudice.  *Tapco Int'l Corp. v. Dinesol Bldg. Prods.*, 2007 WL 2710115 (E.D. Mich. Sept. 13, 2007).

As Plaintiffs Corralez and Lahti assert, Defendants will suffer no prejudice by their withdrawal.  To the contrary, Defendants will not have to go through the unnecessary expense of

deposing Plaintiffs and preparing a defense to their claims.  Moreover, Defendants have not filed a response in opposition to Plaintiff's Motion asserting any form of prejudice.  Therefore, the undersigned recommends granting Plaintiffs' Motion and dismissing Plaintiffs Corralez and Lahti from this matter.

### 2.        Outstanding Motions, Including Plaintiffs' Motion for TRO

Notably, the withdraw of Plaintiffs Corralez and Lahti from this matter has a substantial impact on the remaining motions currently pending before the Court.  Plaintiffs' Motion for Temporary Restraining Order was filed on August 20, 2014, but it was only signed by Plaintiffs Corralez and Lahti.  (*See* docket no. 33.)  In his Motion to Sever, which the Court has already denied, Plaintiff Arnold noted that he was transferred from the Central Michigan Correctional Facility on July 22, 2014.  (Docket no. 38 at 2.)  He requested permission to correspond with Plaintiffs Corralez and Lahti on August 4, 2014, and his request was approved on September 9, 2014.  (*Id.* at 3.)  Thus, Plaintiff Arnold could not have verified or authorize the filing of Plaintiffs' Motion on August 20, 2014.  Moreover, Fed. R. Civ. P. 11(a) requires that "[e]very . . . written motion . . . must be signed . . . by a party personally if the party is unrepresented."  After Plaintiffs Corralez and Lahti are dismissed from this matter, Plaintiff Arnold will be the only remaining Plaintiff in this matter.  Because he failed to sign the Motion for TRO, because he could not have reviewed or approved the Motion for TRO, and because he raised concerns with regard to other filings by Plaintiffs Corralez and Lahti during the relevant time period, the Court should deny Plaintiffs' Motion for TRO without prejudice.

Additionally, the Motion for Discovery (docket no. 44) and Motion Opposing Defendants' Motion to take Plaintiffs' Depositions (docket no. 47) were only filed by Plaintiffs Corralez and

Lahti.  These Motions should be denied as moot.  The undersigned will issue a separate Opinion and Order with regard to Plaintiff Arnold's Motion Opposing Defendants' Motion to take Plaintiffs' Depositions (docket no. 49) and Plaintiffs' Motion for Appointment of Counsel (docket no. 46), which all three Plaintiffs signed.

       **C.**    **Conclusion**

For the above-stated reasons, the undersigned recommends granting Plaintiff Corralez and Lahti's Motion to be Dropped from the Case Pursuant to Fed. R. Civ. P. 21 [48].  Further, because Plaintiff's Corralez and Lahti will have withdrawn from this matter and Plaintiff Arnold did not sign Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction [33], the Court should deny the same without prejudice.  Additionally, the Court should deny Plaintiff Corralez and Lahti's outstanding Motion for Discovery [44] and Motion Opposing Defendants' Motion to take Plaintiffs' Deposition [47] as moot.  Therefore, this matter should proceed with Plaintiff Arnold as the only remaining Plaintiff.

**III.**    **Notice to Parties Regarding Objections**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  February 5, 2015                    s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served up counsel of record and on Plaintiffs Michael Arnold, Daniel Corralez, and Eric Lahti on this date.

Dated:  February 5, 2015                    s/ Lisa C. Bartlett
                                            Case Manager