UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD, DANIEL
CORRALEZ, and ERIC LAHTI,

  Plaintiffs,

v.
             Civil Case No. 13-14137
             Honorable Linda V. Parker

DANIEL H. HEYNS, MICHAEL
MARTIN, and BRAD PURVIS,

  Defendants.
_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S FEBRUARY 5, 2015 REPORT & RECOMMENDATION [ECF NO. 50]; (2) GRANTING PLAINTIFF CORRALEZ'S AND LAHTI'S MOTION TO BE DROPPED FROM THE CASE PURSUANT TO FED. R. CIV. P. 21 [ECF NO. 48]; (3) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION [ECF NO. 33]; AND (4) DENYING AS MOOT PLAINTIFF CORRALEZ'S AND LAHTI'S MOTION FOR DISCOVERY [ECF NO. 44] AND MOTION OPPOSING DEFENDANTS' MOTION TO TAKE PLAINTIFFS' DEPOSITION [ECF NO. 47]**

On September 27, 2013, Plaintiffs commenced this action against Defendants pursuant to 42 U.S.C. § 1983. In their Complaint, Plaintiffs allege that Defendants are violating their rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by implementing a Michigan Department of Corrections ("MDOC") policy directive

that replaces all previously offered religious menus with a vegan diet.[1] Plaintiffs are Orthodox Jews incarcerated in MDOC prison facilities. The matter has been referred to Magistrate Judge Mona K. Majzoub for all pretrial matters. (ECF No. 11.)

On December 29, 2014, Plaintiffs Daniel Corralez ("Corralez") and Eric Lahti ("Lahti") filed a motion to be dropped from the case pursuant to Federal Rule of Civil Procedure 21. (ECF No. 38.) Prior to filing their motion, Corralez and Lahti filed a motion for temporary restraining order and/or preliminary injunction (ECF No. 33)[2], a motion for discovery (ECF No. 44), and a motion opposing Defendants' motion to take Plaintiffs' depositions (ECF No. 47).

On February 5, 2015, Magistrate Judge Majzoub issued an R&R in which she recommends that the Court grant Corralez's and Lahti's motion to be dropped from the case, deny as moot their motion for discovery and motion opposing Defendants' motion to take depositions, and deny without prejudice the motion for injunctive relief. (ECF No. 50.) At the conclusion of her R&R, Magistrate Judge Majzoub informs the parties that they must file any objections to the R&R within

---

[1] In an Opinion and Order issued June 24, 2014, this Court adopted Magistrate Judge Mona K. Majzoub's recommendation to sua sponte dismiss Plaintiffs' Fourteenth Amendment Equal Protection claim. (ECF No. 28.)

[2] The motion is identified as being filed by all Plaintiffs; however, it is signed only by Corralez and Lahti. (*See* ECF No. 33.)

fourteen days of service. Plaintiff Michael Arnold ("Arnold") filed objections to the R&R on February 26, 2015. No other party has filed objections.

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the district court judge usually "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the district court judge from his or her duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In his objections, Arnold does not take issue with any of Magistrate Judge Majzoub's recommendations. Instead, he sets forth three complaints to the R&R, none of which impact the magistrate judge's determinations. First, Arnold notes that in July 2014 he was transferred from the facility where Lahti and Corralez are housed and that the three inmates requested and received permission to

communicate via U.S. mail. (ECF No. 51 at 3.) Next, Arnold points out that in identifying Plaintiffs' surviving claims in her R&R, Magistrate Judge Majzoub fails to include their First Amendment claim. (*Id.*) Finally, Arnold "objects' to Magistrate Judge Majzoub's "failure to rule or hold Co-Plaintiffs Corralez and Lahti accountable for Fraud upon the Court for submitting affidavits in which perjury was committed pursuant to 28 [U.S.C.] § 1746, and the theft of Lead Plaintiff Arnold's research library by said Co-Plaintiffs." (*Id.*)

As stated, none of Arnold's "objections" suggest that the Court should resolve the pending motions filed by Corralez and Lahti differently than Magistrate Judge Majzoub recommends. The false statements Arnold claims Lahti made in his affidavit, which Arnold asserts constituted fraud on the Court, have not swayed this Court in any of its prior decision.[3] Thus the Court declines to impose sanctions for this purported fraud. This is not the proper venue to adjudicate Arnold's claim that Corralez and/or Lahti have wrongfully retained his property. Most certainly that claim has no bearing on Magistrate Judge Majzoub's February 5, 2015 R&R.

The Court therefore is adopting Magistrate Judge Majzoub's recommendations in her R&R.

---

[3] According to Arnold, Lahti lied when he claimed to be Jewish.

4

Accordingly,

**IT IS ORDERED**, that Plaintiff Lahti's and Corralez's Motion to be Dropped from the Case Pursuant to Federal Rule of Civil Procedure 21 (ECF No. 48) is **GRANTED** and the Clerk of the Court shall remove them as parties from this litigation;

**IT IS FURTHER ORDERED**, that Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 33) is **DENIED**;

**IT IS FURTHER ORDERED**, that Plaintiff Corralez's and Lahti's Motion for Discovery (ECF No. 44) and Motion Opposing Defendants' Motion to Take Plaintiffs' Deposition (ECF No. 47) are **DENIED AS MOOT**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: March 11, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 11, 2015, by electronic and/or U.S. First Class mail.

                                          s/ Richard Loury
                                          Case Manager