UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD,

    Plaintiff,                                  CIVIL ACTION NO. 13-14137

vs.                                        DISTRICT JUDGE LINDA V. PARKER

                                           MAGISTRATE JUDGE MONA K. MAJZOUB

DANIEL H. HEYNS, et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL [46]; PLAINTIFF'S MOTION OPPOSING DEFENDANT'S MOTION TO TAKE DEPOSITIONS OF THE PLAINTIFFS; OR, IN THE ALTERNATIVE, PLAINTIFFS' MOTION TO DELAY SUCH DEPOSITIONS UNTIL AFTER A CASE MANAGEMENT ORDER HAS BEEN ENTERED AND THE PLAINTIFFS' MOTIONS, INCLUDING A MOTION FOR THE APPOINTMENT OF COUNSEL AND DISCOVERY, HAE BEEN RULED UPON BY THIS COURT [49]; AND MOTION TO STAY DEPOSITION [55]**

Plaintiff Michael Arnold,[1] then a prisoner at the Central Michigan Correctional Facility (STF) in St. Louis, Michigan,[2] filed this action under 42 U.S.C. § 1983 against Daniel Heyns (Director of the Michigan Department of Corrections (MDOC)), Michael Martin (Special Activities Coordinator for MDOC), and Brad Purves (Food Service Director for MDOC), in their official capacities, alleging that Defendants have violated Plaintiff's rights under the First Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (RLUIPA), by implementing MDOC Policy Directive (P.D.)

---

[1] Plaintiffs Daniel Corralez and Eric Lahti withdrew from this action on March 11, 2015. (*See* Docket no. 52.)

[2] Plaintiff has since been transferred to the Macomb Correctional Facility.

1

05.03.150, under which MDOC replaced all previously offered religious menus with a Vegan menu. (Docket no. 1.) Plaintiff, an Orthodox Jew, seeks a declaratory judgment finding that Defendants have violated the First Amendment and RLUIPA by "forcing the Plaintiff[] to eat a religious diet that does not comport with [his] beliefs.[3] (*Id.* at 14-15.) Plaintiff does not seek monetary damages.

Before the Court are Plaintiff's Motion to Appoint Counsel (docket no. 46), Motion Opposing Defendant's Motion to take Plaintiff's Deposition or to Delay His Deposition (docket no. 49), and Motion to Stay Deposition (docket no. 55).[4] Defendants filed a Response to Plaintiff's Motion to Stay Deposition. (Docket no. 56.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 40.) The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). The Motions are now ready for ruling.

I.    **Background**

MDOC Policy Directive 05.03.150, which took effect on July 26, 2013, states in relevant part as follows:

> The Department offers a religious menu to meet the religious dietary needs of prisoners. The Department will begin offering a Vegan menu which will replace all currently approved religious menus on the following dates for the listed facilities:
>
> 1.   The week of September 15, 2013: . . . Central Michigan Correctional Facility.
>
> .   .   .

---

[3] The Court has previously dismissed Plaintiff's claims for alleged violations of the Fourteenth Amendment. (*See* docket no. 28.)

[4] Also pending before the Court are Plaintiff's Motion for Temporary Restraining Order (docket no. 53) and Defendant's Motion to Dismiss or Sanction Plaintiff (docket no. 58). Under 28 U.S.C. § 636(b), the undersigned must address these motions through a Report and Recommendation, which will be entered concurrently with this Opinion and Order.

> The Vegan menu shall comply with Kosher and Halal religious tenets. A prisoner who believes the Vegan menu does not meet his/her religious dietary needs may request an alternative menu. An alternative menu will be developed and provided only with approval of the Deputy Director and only if it is determined that the Vegan menu does not meet the religious dietary needs of the prisoner. All religious menus shall meet the minimum nutritional standards set forth in PD 04.07.100 "Offender Meals". The Deputy Director or designee shall determine at which facilities religious meals will be offered.

MDOC PD 05.03.150 (PP). When this vegan menu took effect, Prisoners who ate from the "main line" would continue to have a variety of foods available to them, including meat and dairy.

In their Complaint, Plaintiffs allege that "[they] are Orthodox Jews" and that "[t]heir religious beliefs do not command them to practice vegetarianism or to be a Vegan." (Docket no. 1 at 8.) Specifically, they allege that they are required to follow "the mitzvah (commandment) to eat meat and keep kosher;" that a Vegan diet is not a Kosher diet; that even if a Vegan diet could be Kosher, it "will not actually be kosher . . . because of how the MDOC washes its trays and utensils;" and that "MDOC could make Kosher meat products (and dairy products such as cheese) products (sic) available to Jewish prisoners for purchase, but is has chosen not to." (*Id.* at 10, 13.) Plaintiffs also filed a Motion for Temporary Restraining Order or for Preliminary Injunction. (Docket no. 3.)

On December 4, 2013, Defendants filed a Motion to Dismiss. (Docket no. 14.) Plaintiffs filed a Response (docket no. 15), and on March 3, 2014, the undersigned recommended that the Court dismiss Plaintiffs' claims with regard to the MDOC's washing of trays and utensils and Plaintiff's Fourteenth Amendment Claims; the undersigned further recommended that the Court deny Plaintiffs' Motion for TRO or Preliminary Injunction. (Docket no. 16.)

On June 24, 2014, the Court denied Plaintiffs' Motion for Preliminary Injunction and dismissed Plaintiff's Fourteenth Amendment claims but allowed all of Plaintiff's RLUIPA claims

3

to survive. (Docket no. 28.) Plaintiffs also filed a Motion for Appointment of an Expert Witness (docket no. 22), Motion for Discovery (docket no. 24), and Motion for Sanctions (docket no. 25). And Defendants filed a Motion for Summary Judgment. (Docket no. 18.)

On July 30, 2014, the undersigned recommended that Defendants' Motion for Summary Judgment be granted because Plaintiffs failed to exhaust their administrative remedies. (Docket no. 31.) Plaintiffs objected to the Report and Recommendation and also filed a Second Motion for Temporary Restraining Order or Preliminary Injunction. (Docket no. 33.) Plaintiff Michael Arnold then filed a Motion to Sever Co-Plaintiffs. (Docket no. 38.) The Court denied Defendants' Motion for Summary Judgment based on Plaintiffs' objections and re-referred the outstanding Motions to the undersigned for consideration. (Docket nos. 39 and 40.) Defendants then filed their Motion to take Plaintiffs' Depositions. (Docket no. 43.)

On December 16, 2014, the Court denied Plaintiffs' outstanding motions and granted Defendants' Motion to take Plaintiffs' depositions. (Docket no. 45.) Plaintiffs then filed their Motion to withdraw (with regard to Plaintiffs Corralez and Lahti), a Motion for TRO, and their instant Motions for Appointment of Counsel (docket no. 46) and Opposing Defendants' Motion (docket no. 49). On March 11, 2015, the Court, in relevant part, granted Plaintiff Corralez and Lahti's Motion to withdraw and denied Plaintiffs' Motion for TRO on procedural grounds, which prompted Plaintiff to file his currently pending Motion for TRO (docket no. 53).

In light of the Court's December 16, 2014 Order, Defendants scheduled Plaintiff's deposition for April 17, 2015. When Plaintiff received notice of his deposition, he filed his instant Motion to Stay, arguing that the deposition would conflict with his ability to prepare for the Jewish Sabbath. The Court did not enter Plaintiff's Motion until the day of his deposition. And

4

although Defendants attempted to proceed with the deposition, Plaintiff refused. (*See* docket no. 55.) In their pending Motion to Dismiss or for Sanctions, Defendants note that they attempted to reschedule Plaintiff's deposition for May 18, 2015, but he again refused to participate. (*See* docket no. 58.)

**II.     Analysis**

    **A.     Plaintiff's Motion to Appoint Counsel [46]**

Plaintiffs' previous motions to appoint counsel have all been denied. In this Motion, Plaintiff asserts that counsel should be appointed because he cannot afford to hire an attorney, the issues in this matter are complex and may require extensive discovery, Plaintiff cannot request information under FOIA, and because "[b]oth major rulings in this case are positive toward the Plaintiff[]," and he believes he will prevail at a jury trial.[5] (Docket no. 46.)

As the Court has previously discussed, appointment of counsel for prisoners proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey,

---

[5] Plaintiff's Motion was initially filed on behalf of all three Plaintiffs, and their primary argument with regard to the appointment of counsel was their incarceration at different MDOC facilities and their inability to communicate with each other. Because Plaintiffs Corralez and Lahti are no longer parties to this matter, Plaintiff's primary argument is moot.

5

Prisoner Litigation in the United States Courts 75 (1995) ("'Prisoners have no statutory right to counsel in civil rights cases. Instead, the appointment of counsel is within the court's discretion.'"). At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff.

As Plaintiff himself has acknowledged, he has adequately alleged the claims forming the basis of this § 1983 lawsuit, and he has effectively litigated this matter through multiple dispositive motions filed by Defendants. And while Plaintiff contends that his claims' survival of summary judgment shows the necessity of counsel, it also indicates that Plaintiff has a basic understanding of the legal process and an ability to represent himself effectively. Moreover, while Plaintiff alleges that this matter is complicated due to the possibility of the matter proceeding to trial and the possible need for expert witnesses in the area of religion, neither of these concerns weighs in favor of appointing counsel at this time. While Plaintiff has survived Defendant's initial dispositive motions, the matter has not been set for trial; indeed, discovery is just beginning. And while Plaintiff's claims may require the opinions of expert witnesses, Plaintiff does not require counsel to secure such witnesses. Accordingly, Plaintiff's Motion for Appointment of Counsel will be denied without prejudice.

    **B.**    **Plaintiff's Motion Opposing Defendants' Motion and Requesting a Delay of Depositions [49]**

In his Motion, Plaintiff argues that Defendants' Motion requesting to take Plaintiffs' deposition is premature because (1) Plaintiff's outstanding motions had not yet been decided and (2) discovery has not yet commenced. (Docket no. 49.) The Court has previously granted Defendants' Motion. (Docket no. 45.) And for the reasons discussed therein, Defendants are entitled to depose Plaintiff. Moreover, through this Opinion and Order and the concurrently entered Report and Recommendation, the Court has addressed all of the outstanding motions in

this matter. Therefore, Plaintiff's Motion will be denied as moot.

### C. Plaintiff's Motion to Stay Deposition [55]

In contrast to his motion opposing Defendants' taking of his deposition and his request to delay his deposition, Plaintiff's Motion to Stay Deposition relates to Defendants' attempt to actually take his deposition on April 17, 2015. (*See* docket no. 55.) In his Motion, Plaintiff alleges that Defendants attempted to take his deposition on Friday, April 17, at 2:00 p.m. Plaintiff contends, however, that taking his deposition at this time would interfere with his ability to prepare for the Jewish Sabbath beginning at 3:30 p.m. every Friday. Plaintiff alleges that Defendants' selection of this time for his deposition was made with the ill-intent of violating his right to practice his religion without interference. (*Id.*)

Defendants note that while Plaintiff drafted the Motion on April 10, 2015, it was not filed with the Court until April 17, 2015. (*See id.*) They also allege that they did not receive a copy of the Motion until that day. Thus, Defendants attempted to go through with Plaintiff's deposition as scheduled, but he refused. (Docket no. 56.) Defendants state that they have reached an agreement with Plaintiff whereby they will reschedule his deposition for a Monday through Thursday date. Therefore, as Defendants assert, Plaintiff's current Motion is moot, and will be denied as such.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel [46] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Opposing Defendant's Motion and Requesting a Delay of his Deposition [49] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Deposition [55] is

**DENIED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated:   June 12, 2015				s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Michael Arnold on this date.

Dated:   June 12, 2015				s/ Lisa C. Bartlett
						Case Manager