UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD,

        Plaintiff,                     CIVIL ACTION NO. 13-14137

vs.                                DISTRICT JUDGE LINDA V. PARKER

                                     MAGISTRATE JUDGE MONA K. MAJZOUB

DANIEL H. HEYNS, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Michael Arnold,[1] then a prisoner at the Central Michigan Correctional Facility (STF) in St. Louis, Michigan,[2] filed this action under 42 U.S.C. § 1983 against Daniel Heyns (Director of the Michigan Department of Corrections (MDOC)), Michael Martin (Special Activities Coordinator for MDOC), and Brad Purves (Food Service Director for MDOC), in their official capacities, alleging that Defendants have violated Plaintiff's rights under the First Amendment, the Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 (RLUIPA), by implementing MDOC Policy Directive (P.D.) 05.03.150, under which MDOC replaced all previously offered religious menus with a Vegan menu.  (Docket no. 1.)  Plaintiff, an Orthodox Jew, seeks a declaratory judgment finding that Defendants have violated the First Amendment and RLUIPA by "forcing the Plaintiff[] to eat a

---

[1] Plaintiffs Daniel Corralez and Eric Lahti withdrew from this action on March 11, 2015. (*See* Docket no. 52.)
    [2] Plaintiff has since been transferred to the Macomb Correctional Facility.

religious diet that does not comport with [his] beliefs.[3]   (*Id.* at 14-15.)   Plaintiff does not seek

monetary damages.

Before the Court are Plaintiff's Second Emergency Motion for Temporary Restraining

Order and/or Preliminary Injunctive Relief (docket no. 53) and Defendants' Motion to

Involuntarily Dismiss This Matter or Sanction the Plaintiff for Failing to Participate in Discovery

(docket no. 58).[4]   Defendants filed a Response to Plaintiff's Motion for a TRO.   (Docket no. 57.)

All pretrial matters have been referred to the undersigned for consideration.   (Docket no. 40.)

The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R.

7.1(f)(2), and issues this Report and Recommendation.

## I.      Recommendation

For the reasons discussed herein, the Court should deny Plaintiff's Motion for TRO [53]

and deny Defendants' Motion to Dismiss or Sanction Plaintiff [58].   The Court should, however,

warn Plaintiff that any further failure to participate in discovery or comply with the Court's orders

may result in dismissal of this matter in its entirety.

## II.     Report

### A.      Background

MDOC Policy Directive 05.03.150, which took effect on July 26, 2013, states in relevant

part as follows:

---

[3] The Court has previously dismissed Plaintiff's claims for alleged violations of the Fourteenth Amendment.   (*See* docket no. 28.)

[4] Also pending in this matter are Plaintiff's Motion for Appointment of Counsel (docket no. 46), Plaintiff's Motion Opposing Defendants' Motion to take Plaintiffs' Depositions (docket no. 49), and Plaintiff's Motion to Stay Deposition (docket no. 55).   The Court will deny Plaintiff's outstanding Motions in a separate Opinion and Order entered concurrently with this Report and Recommendation.

The Department offers a religious menu to meet the religious dietary needs of prisoners. The Department will begin offering a Vegan menu which will replace all currently approved religious menus on the following dates for the listed facilities:

1.      The week of September 15, 2013: . . . Central Michigan Correctional Facility.

.     .     .

The Vegan menu shall comply with Kosher and Halal religious tenets.   A prisoner who believes the Vegan menu does not meet his/her religious dietary needs may request an alternative menu.   An alternative menu will be developed and provided only with approval of the Deputy Director and only if it is determined that the Vegan menu does not meet the religious dietary needs of the prisoner.   All religious menus shall meet the minimum nutritional standards set forth in PD 04.07.100 "Offender Meals".   The Deputy Director or designee shall determine at which facilities religious meals will be offered.

MDOC PD 05.03.150 (PP).   When this vegan menu took effect, Prisoners who ate from the "main line" would continue to have a variety of foods available to them, including meat and dairy.

In their Complaint, Plaintiffs allege that "[they] are Orthodox Jews" and that "[t]heir religious beliefs do not command them to practice vegetarianism or to be a Vegan."   (Docket no. 1 at 8.)  Specifically, they allege that they are required to follow "the mitzvah (commandment) to eat meat and keep kosher;" that a Vegan diet is not a Kosher diet; that even if a Vegan diet could be Kosher, it "will not actually be kosher . . . because of how the MDOC washes its trays and utensils;" and that "MDOC could make Kosher meat products (and dairy products such as cheese) products (sic) available to Jewish prisoners for purchase, but is has chosen not to."   (*Id.* at 10, 13.) Plaintiffs also filed a Motion for Temporary Restraining Order or for Preliminary Injunction. (Docket no. 3.)

On December 4, 2013, Defendants filed a Motion to Dismiss.   (Docket no. 14.)   Plaintiffs filed a Response (docket no. 15), and on March 3, 2014, the undersigned recommended that the

3

Court dismiss Plaintiffs' claims with regard to the MDOC's washing of trays and utensils and Plaintiff's Fourteenth Amendment Claims; the undersigned further recommended that the Court deny Plaintiffs' Motion for TRO or Preliminary Injunction.   (Docket no. 16.)

On June 24, 2014, the Court denied Plaintiffs' Motion for Preliminary Injunction and dismissed Plaintiff's Fourteenth Amendment claims but allowed all of Plaintiff's RLUIPA claims to survive.   (Docket no. 28.)   Plaintiffs also filed a Motion for Appointment of an Expert Witness (docket no. 22), Motion for Discovery (docket no. 24), and Motion for Sanctions (docket no. 25). And Defendants filed a Motion for Summary Judgment.   (Docket no. 18.)

On July 30, 2014, the undersigned recommended that Defendants' Motion for Summary Judgment be granted because Plaintiffs failed to exhaust their administrative remedies.   (Docket no. 31.)   Plaintiffs objected to the Report and Recommendation and also filed a Second Motion for Temporary Restraining Order or Preliminary Injunction.   (Docket no. 33.)   Plaintiff Michael Arnold then filed a Motion to Sever Co-Plaintiffs.   (Docket no. 38.)   The Court denied Defendants' Motion for Summary Judgment based on Plaintiffs' objections and re-referred the outstanding Motions to the undersigned for consideration.   (Docket nos. 39 and 40.)   Defendants then filed their Motion to take Plaintiffs' Depositions.   (Docket no. 43.)

On December 16, 2014, the Court denied Plaintiffs' outstanding motions and granted Defendants' Motion to take Plaintiffs' depositions.   (Docket no. 45.)   Plaintiffs then filed their Motion to withdraw (with regard to Plaintiffs Corralez and Lahti), a Motion for TRO, and their instant Motions for Appointment of Counsel (docket no. 46) and Opposing Defendants' Motion (docket no. 49).   On March 11, 2015, the Court, in relevant part, granted Plaintiff Corralez and Lahti's Motion to withdraw and denied Plaintiffs' Motion for TRO on procedural grounds, which

4

prompted Plaintiff to file his currently pending Motion for TRO (docket no. 53).

In light of the Court's December 16, 2014 Order, Defendants scheduled Plaintiff's deposition for April 17, 2015. When Plaintiff received notice of his deposition, he filed his instant Motion to Stay, arguing that the deposition would conflict with his ability to prepare for the Jewish Sabbath. The Court did not enter Plaintiff's Motion until the day of his deposition. And although Defendants attempted to proceed with the deposition, Plaintiff refused. (*See* docket no. 55.) In their pending Motion to Dismiss or for Sanctions, Defendants note that they attempted to reschedule Plaintiff's deposition for May 18, 2015, but he again refused to participate. (*See* docket no. 58.)

### B.      Governing Law

#### 1.      Injunctive Relief Standard

Federal Rule of Civil Procedure Rule 65 authorizes the issuance of preliminary injunctions and temporary restraining orders. The Court may issue a temporary restraining order to preserve the status quo until it has had an opportunity to determine whether a preliminary injunction should issue. *First Tech. Safety Sys, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). In deciding a motion for a preliminary injunction, the court should consider whether (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunction; (3) the preliminary injunction will cause substantial harm to others; and (4) the public interest will be served if the injunction issues. *Id*. (citation omitted). While these

5

factors are to be balanced, the failure to show a likelihood of success on the merits is generally fatal. *Id.   See also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Notably, "where a prison inmate seeks an order enjoining state prison officials, [courts must] proceed with the utmost care and must recognize the unique nature of the prison setting." *Schuh v. MDOC*, No. 09-982. 2011 WL 7139457, *3 (W.D. Mich. Nov. 10, 2011) (citing *Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir.1984)).

### 2.   Discovery Sanctions

Rule 37(b)(2) provides that if a party disobeys a discovery order, the court may dismiss the matter in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). The court may also "prohibit the disobedient party from . . . introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Additionally, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C).

But the entry of a default judgment or dismissal of an action as a sanction for discovery abuse is a sanction of last resort and may be imposed only if the court concludes that the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir.1990). Additional factors to consider are prejudice to the adversary party from the failure to cooperate, whether the defaulting party was warned that failure to cooperate could lead to default, and whether less drastic sanctions were considered. *Id.* Thus, such a sanction is drastic step appropriate only in the most extreme cases. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir.1983).

6

## C.      Analysis

### 1.      Plaintiff's Motion for TRO or Preliminary Injunction

On June 24, 2014, the Court denied Plaintiffs' initial Motion for TRO and/or Preliminary Injunction, which was filed as part of their Complaint.   (Docket no. 28.)   The Court then denied Plaintiffs' second Motion for TRO on procedural grounds.   (Docket no. 52.)   In his instant Motion, Plaintiff reiterates his request for a TRO, asking that the Court order defendants to serve a Kosher diet including meat, fish, and dairy products, with a specific request related to the Passover Holiday beginning on April 3, 2015.[5]   (*See* docket no. 53.)   Defendants argue that in addition to denying Plaintiff's Motion on the merits, Plaintiff's request has already been heard and should be denied based on the law of the case doctrine.   (Docket no. 57.)

In March of 2014, the undersigned recommended denying Plaintiffs' Motion for TRO, finding as follows:

> . . . While Plaintiffs' Complaint is sufficient to survive Defendants' Motion to Dismiss, grave concerns remain regarding Plaintiffs' ability to show that their religious beliefs are sincerely held. Notably, the proof required for a plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a motion for summary judgment. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). Plaintiffs' Motion relies almost entirely on the facts set forth in their Complaint, and without more, their allegations would not likely survive a motion for summary judgment. Moreover, when an inmate seeks an injunction against a state official, the court must proceed with the utmost care and acknowledge the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir.1984). Here, the undersigned finds that Plaintiffs' uncommon (if not entirely unique) understanding of the Kashrut is too conveniently in line with their distaste for what appears to be a very unappetizing menu.
>
> Moreover, Plaintiffs' Motion states conclusively that they will suffer

---

[5] Notably, the 2015 Passover Holiday had passed before Plaintiff's Motion was received by the Court.  Thus, as Defendants argue, to the extent Plaintiff asks the Court to order Defendants to serve meat, fish, or dairy during Passover, his Motion is moot.

irreparable harm, that "[t]he balance of hardships favors the Plaintiffs" and that "[t]he public interest will be served by granting the injunction by preserving the First Amendment rights of the Plaintiffs and others similarly situated." Plaintiffs do not expand on these contentions, and they have not met their burden of showing that circumstances clearly demand a preliminary injunction.

(Docket no. 16 at 13-14 (footnote omitted).)   In adopting the recommendation, the Court noted that while Plaintiffs asserted new facts to support their request,

. . . it is not evident how MDOC's contractor prepares the vegan meals and thus whether there is contamination that renders those meals non-kosher. More importantly, however, there has been no development of the facts necessary to determine whether any burden on Plaintiffs' rights is justified by a compelling interest or whether the vegan option is the least restrictive means of furthering that interest. Defendants do not violate Plaintiffs' rights if the burden on those rights furthers a compelling interest and the vegan diet policy is the least restrictive means of furthering that interest. *See* 42 U.S.C. § 2000cc-1.

(Docket no. 28 at 9.)   Nothing in Plaintiff's current motion changes this analysis as Plaintiff has alleged no new, relevant facts.

In his Motion, Plaintiff argues that he is likely to succeed on the merits because the Court denied Defendant's Motion to Dismiss and because he has "placed into evidence the numerous violations of Kosher Law."   (Docket no. 53 at 10-11.)   But as discussed, the proof required for a plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a dispositive motion. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).   Plaintiff's survival of Defendant's Motion to Dismiss has no bearing on his likelihood of success, particularly where such survival was based on an acceptance of all of Plaintiff's allegations as true for purposes of the decision.   (*See* docket nos. 16 and 28.)   Therefore, because nothing has changed in this matter other than Defendants' alleged continued violation of Plaintiff's rights, Plaintiff's Motion should again be denied.

### 2.      Defendants' Motion to Dismiss or for Sanctions

8

In their Motion to Dismiss or for Sanctions, Defendants take issue with Plaintiff's refusal to participate in two properly scheduled depositions based on the Court's December 16, 2014 Order granting Defendants' Motion to take Plaintiff's Deposition.   (Docket no. 58.)   Defendants argue that Plaintiff refused to participate in the depositions without good cause and that his "defiance" of the Court's Order "merits a dismissal of this action."   (*Id.*at 7.)   In the alternative, Defendants ask that the Court require Plaintiff to pay costs in the amount of $202.45 for two deposition transcripts.   (Docket no. 58.)

As discussed, dismissal of a matter under Rule 37(b)(2)(A) is a severe sanction that should only be imposed as a last resort.   Plaintiff has not been previously warned that a failure to comply with the Court's Order may result in dismissal; thus, imposition of such a sanction would be inherently unjust.   Moreover, at the time he refused to participate, Plaintiff had an outstanding Motion objecting to Defendants' initial motion.   While the Court denied Plaintiff's Motion in its Opinion and Order entered concurrently with this Report and Recommendation, Plaintiff did not refuse to participate in bad faith.   Therefore, the Court should deny Defendants' Motion to Dismiss.

Moreover, while the Court must order a party refusing to participate in a deposition to pay the reasonable expenses of the opposing party, Plaintiff's position was substantially justified. With regard to the first attempted deposition, due to the nature of Plaintiff's claims, Defendants were aware that Plaintiff is an orthodox Jew.   Thus, they could have reasonably anticipated that a deposition scheduled for a Friday afternoon would raise cause for concern.   And with regard to the second deposition, Defendants were aware of Plaintiff's two outstanding Motions regarding the deposition itself.   Thus, for the reasons discussed above, it would be inappropriate to sanction

9

Plaintiff for refusing to attend his deposition while his Motions opposing the same were outstanding.   Therefore, Defendants' Motion should be denied.

### D.   Conclusion

For the reasons stated above, the Court should deny Plaintiff's Motion for TRO [53] and deny Defendants' Motion to Dismiss or Sanction Plaintiff [58].   The Court should, however, warn Plaintiff that any further failure to participate in discovery or comply with the Court's orders may result in dismissal of this matter in its entirety.

### III.   Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.   *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.   Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise

10

response proportionate to the objections in length and complexity.   The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:   June 12, 2015          s/ Mona K. Majzoub_____
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

        I hereby certify that a copy of this Report and Recommendation was served on counsel of record and on Plaintiff Michael Arnold on this date.

Dated:   June 12, 2015          s/ Lisa C. Bartlett
                                Case Manager

11