UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD,

    Plaintiff,                         CIVIL ACTION NO. 13-CV-14137

vs.                                    DISTRICT JUDGE LINDA V. PARKER

                                        MAGISTRATE JUDGE MONA K. MAJZOUB

DANIEL H. HEYNS, *et al.*,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE AND TO REOPEN DISCOVERY [69]

Before the Court is Plaintiff's Motion for Continuance and to Reopen Discovery. (Docket no. 69.) Defendant filed a Response (docket no. 70), and Plaintiff filed a Reply (docket no. 72). Also pending before the Court is Defendants' third dispositive motion, filed with the Court's permission on December 18, 2015. (Docket no. 65.) All pretrial matters have been referred to the undersigned for consideration. (Docket no. 40.)

Discovery in this matter closed on November 20, 2015. Defendant conducted discovery, but Plaintiff did not, although Plaintiff (and his former co-plaintiffs) did attempt to conduct some discovery through the Court. (*See*, *e.g.*, docket nos. 24 and 44.) Throughout the pendency of this matter, Plaintiff has attempted to secure counsel; he was finally able to do so through the ACLU in January of 2016. Counsel's appearance, however, is contingent on the Court granting Plaintiff's instant Motion as counsel believes that additional discovery is required to properly litigate on Plaintiff's behalf. (*See* docket no. 69.) Thus, Plaintiff's Motion asks that the Court reopen discovery and permit him to respond to Defendant's Motion for Summary Judgment

1

following the close of the new discovery period.  (*Id.*)

The Court held a hearing in this matter on April 28, 2016.  At the hearing, the Court asked Plaintiff's counsel what information Plaintiff hoped to obtain through discovery, what discovery requests Plaintiff intended to serve on Defendants, and how long Plaintiff needed to conduct such discovery.  In response, Plaintiff's counsel significantly broadened the scope of Plaintiff's claims by noting that Plaintiff had been transferred from the St. Louis Correctional Facility to the Macomb Correctional Facility and that due to this transfer, discovery would need to include additional interrogatories, requests for production, and depositions related to the second facility.  Thus, counsel indicated, Plaintiff would need six months to complete discovery without any additional limitations.  As they did in their initial response to Plaintiff's Motion, Defendants argued that Plaintiff's request should be denied because Plaintiff was dilatory in not conducting discovery during the initial discovery period and that if the Court were inclined to grant Plaintiff's request, discovery should be limited in terms of scope and time.

The Court may extend a deadline for good cause and may grant a continuance at its discretion.  When deciding whether good cause exists to reopen discovery, the Court considers whether the movant's neglect created the need and whether other reasons (such as prejudice to the non-moving party) exist for denying the motion.  *See Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 431 (6th Cir. 2006).  Here, the Court finds that Plaintiff's recent acquisition of counsel is good cause to reopen discovery.  And although Plaintiff did not conduct discovery during the initial discovery period, it appears that he unsuccessfully attempted to do so.  Moreover, the Court finds that Defendants will not be prejudiced by Plaintiff's additional discovery.  While the Court appreciates the time and expense incurred by Defendants during the proper discovery period, these

2

efforts and expenditures do not lose value if Plaintiff has an opportunity to conduct additional discovery. And because Plaintiff has not yet conducted discovery in this matter, his efforts will not be cumulative. To the extent Defendants incur additional expense through Plaintiff's discovery, these are the same expenses Defendants would have incurred had Plaintiff conducted discovery during the appropriate window.

The Court notes, however, that Plaintiff's discovery is not wholly uninhibited. During the hearing, Plaintiff's counsel indicated her intent to file a Motion to Amend Plaintiff's instant complaint to add additional parties and (possibly) additional claims. The Court cautions Plaintiff that discovery in this matter is limited to the claims and defendants currently included in this matter; that is, discovery into additional defendants or claims would be outside the scope contemplated by the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Continuance and to Reopen Discovery [69] is **GRANTED:**

- The Court hereby reopens discovery in this matter for a limited time according to the following schedule:

    DISCOVERY CUTOFF (All Discovery Responses Due):   August 19, 2016

    DISCOVERY MOTION CUTOFF:   September 2, 2016

    PLAINTIFF'S RESPONSE TO DEFENDANT'S
    MOTION FOR SUMMARY JUDGMENT:   September 30, 2016
    \*\*Because the dispositive motion period has already closed, leave of Court is required for Plaintiff to file a dispositive motion.

3

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:   April 29, 2016             s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served on counsel of record on this date.

Dated:   April 29, 2016             s/ Lisa C. Bartlett
                                    Case Manager

4