UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD,

    Plaintiff,

v.

    Civil Case No. 13-14137
    Honorable Linda V. Parker

DANIEL H. HEYNS, MICHAEL
MARTIN, and BRAD PURVIS,

    Defendants.
_____/

## OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION FOR CONTINUANCE AND TO REOPEN DISCOVERY

### Introduction

On September 27, 2013, Plaintiff commenced this action against Defendants pursuant to 42 U.S.C. § 1983.[1] Plaintiff is suing Defendants in their official capacities as MDOC's Director, Special Activities Coordinator, and Food Service Director.[2] (*See* ECF No. 1 at Pg ID 1-2.) In his Complaint, Plaintiff alleges that Defendants are violating his rights under the First and Fourteenth Amendments and

---

[1] Two other individuals initially were named as Plaintiffs; however, they withdrew from this action on March 11, 2015. (ECF No. 52.)

[2] When the lawsuit was filed, MDOC's Director was Daniel H. Heyns, its Special Activities Coordinator was Michael Martin, and its Food Service Director was Brad Purvis. According to Defendants, these individuals no longer serve in those capacities. (*See* ECF No. 65 at Pg ID 998 n.2.)

the Religious Land Use and Institutionalized Persons Act by implementing a Michigan Department of Corrections ("MDOC") policy directive that replaces all previously offered religious menus with a vegan diet.[3] Plaintiff is an Orthodox Jew incarcerated in an MDOC prison facility. The matter has been referred to Magistrate Judge Mona K. Majzoub for all pretrial matters. (ECF No. 11.)

## Background

On August 4, 2015, Magistrate Judge Majzoub entered a scheduling order establishing *inter alia* a November 20, 2015 deadline for discovery and a December 18, 2015 deadline for the filing of dispositive motions. (ECF No. 62.) Before the dispositive motion deadline, Defendants filed a motion seeking the Court's permission to file a third dispositive motion, as leave is required under Eastern District of Michigan Local Rule 7.1(b)(2). On December 18, 2015, after Magistrate Judge Majzoub granted Defendants' motion, Defendants filed a summary judgment motion. (ECF No. 65.)

On January 8, 2016, attorneys Michael J. Steinberg and Patricia L. Selby entered their appearances on behalf of Plaintiff, who had been attempting to obtain representation throughout this litigation. (ECF No. 66.) Their appearances,

---

[3]In an Opinion and Order issued June 24, 2014, this Court adopted Magistrate Judge Mona K. Majzoub's recommendation to sua sponte dismiss Plaintiffs' Fourteenth Amendment Equal Protection claim. (ECF No. 28.)

however, were conditioned on the Court's grant of a continuance to respond to Defendants' summary judgment motion and the re-opening of discovery, which Plaintiff sought in a simultaneously filed motion. (ECF Nos. 66, 69.) Defendants opposed Plaintiff's request in a response brief filed January 25, 2016. (ECF No. 70.) On April 28, 2106, Magistrate Judge Majzoub held a hearing with respect to Plaintiff's motion.

At the hearing, Magistrate Judge Majzoub asked Plaintiff's counsel what information Plaintiff hoped to obtain through additional discovery, what additional requests would be made, and how much additional time Plaintiff needed to conduct discovery. (*See* ECF No. 75 at Pg ID 1105.) Based on the response provided by Plaintiff's counsel, Magistrate Judge Majzoub concluded that the scope of Plaintiff's claim was being significantly broadened. In fact, Plaintiff's attorneys indicated at the hearing that they intended to file a motion to amend Plaintiff's Complaint to add additional parties and possibly additional claims. (*Id*. at Pg ID 1106.) Plaintiff informs the Court that these amendments have been necessitated by Plaintiff's transfer to a new MDOC facility and the change in vendors providing contract food services for MDOC during the pendency of this litigation. (*See* ECF No. 76 at Pg ID 1116.)

On April 29, 2016, Magistrate Judge Majzoub entered an order granting Plaintiff's motion for continuance and to reopen discovery. However, Magistrate Judge Majzoub gave Plaintiff less time than requested to engage in additional discovery, concluding that discovery should be limited to the claims and defendants identified in the Complaint now pending. (*Id*.) Specifically, although Plaintiff's counsel requested an additional six months to complete discovery, Magistrate Judge Majzoub set an August 19, 2016 discovery deadline. (*Id*. at Pg ID 1106.) Further, Magistrate Judge Majzoub "caution[ed] Plaintiff that discovery in this matter is limited to the claims and defendants currently included in this matter; that is, discovery into additional defendants or claims would be outside the scope contemplated by the Federal Rules of Civil Procedure." (*Id*.)

Plaintiff filed an appeal of this order pursuant to 28 U.S.C. § 636(b)(1) on May 13, 2016. (ECF No. 76.) Plaintiff contends that Magistrate Judge Majzoub erred in limiting the scope of discovery "to the claims and defendants currently included in this matter" as it "will prevent appropriate discovery even after amending his complaint." (*Id*. at Pg ID 1116.) Plaintiff states that "[t]his limitation suggests that if and when Plaintiff files a motion for an amended complaint, any newly named defendants or new claims raised would be outside permitted discovery." (*Id*. at Pg ID 1117.) Plaintiff argues that "[t]his is contrary

4

to longstanding case law supporting a broad scope of discovery, and permitting reversal of discovery orders if they cause substantial prejudice." (*Id.* at Pg ID 1117-18.)

## Standard of Review

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## Analysis

Plaintiff fails to demonstrate that Magistrate Judge Majzoub's decision is clearly erroneous or contrary to law. At this stage of the litigation, Plaintiff has not moved to file an amended complaint. Thus, it was proper for Magistrate Judge

5

Majzoub to limit discovery to the claims and defendants currently included in this action. Notably, however, Plaintiff has sued Defendants in their official capacities as MDOC employees. (*See* ECF No. 1 at Pg ID 1-2.) The Federal Rules of Civil Procedure provide for the "automatic[] substitute[ion]" of an officer's successor when the officer *inter alia* "ceases to hold office while the action is pending." Fed. R. Civ. P. 25(d). Rule 25(d) provides that "[l]ater proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order *does not affect the substitution*." *Id.* (emphasis added). As such, the current MDOC Director, Special Activities Coordinator, and Food Service Director automatically became parties to this action when the currently named defendants ceased holding their identified positions within MDOC.

It is not apparent to this Court that Magistrate Judge Majzoub ruled or indicated more specifically what discovery Plaintiff could or could not do. In other words, it is not evident to this Court that the magistrate judge precluded Plaintiff from conducting discovery with respect to the manner in which food is prepared and served within MDOC's facilities.[4] Nor does the April 29, 2016 order reflect

---

[4] For that reason, the issue of whether Plaintiff's remaining claims are as limited in scope as Defendant maintains in their response to Plaintiff's objections
(Cont'd . . .)

6

that Magistrate Judge Majzoub limited the scope of discovery set forth in Rule 26 of the Federal Rules of Civil Procedure:

> [T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Plaintiff also objects to Magistrate Judge Majzoub's unwillingness to grant him the full sixth months he requested to complete additional discovery. This Court cannot conclude that the magistrate judge's decision was clearly erroneous or contrary to law. Nevertheless, in light of Plaintiff finally securing counsel, the discovery period should be extended further if Plaintiffs' attorneys find themselves unable to complete the discovery needed to prosecute Plaintiffs' claims within the four-month deadline given.

Accordingly,

---

does not appear to be ripe for this Court to resolve. To the extent a specific dispute arises between the parties during the extended discovery period, Magistrate Judge Majzoub will need to address it first, as the lawsuit has been referred to her for all pretrial matters.

7

**IT IS ORDERED** that Plaintiff's Objections to Order Granting Plaintiff's Motion for Continuance and to Reopen Discovery are **DENIED**.

        s/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: June 16, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 16, 2016, by electronic and/or U.S. First Class mail.

        s/ Shawna Burns on behalf of Richard Loury
        Case Manager