UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD, and
Proposed CLASS MEMBERS,

    Plaintiffs,

-v-

HEIDI WASHINGTON,
Director, Michigan Department
of Corrections; in her official
capacity;

    Defendant.

    _____/

Case No. 13-14137
Hon. LINDA V. PARKER
Mag. Judge Mona K. Majzoub

**JURY TRIAL IS DEMANDED**

## *PROPOSED* FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, by and through Counsel Daniel E. Manville, Professor, Michigan State University College of Law, pursuant to Fed.R.Civ.P. 15(a) and 25(d) requests that this Court grant this motion to file an amended complaint, and states in support:

**Jurisdiction and Venue**

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331 and 1343. Plaintiff brings this matter pursuant to 42 U.S.C. §1983 and 42 U.S.C. §2000cc1, the Religious Land Use and Institutionalized Person Act (RLUIPA). This Court has jurisdictionto grant an injunction pursuant to Fed.R.Civ.P. 57 and

1

65. This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S. §§2201-01.

2. This Court has venue of this matter because the incidents complained of occurred in the East District of Michigan. 28 U.S.C. §1391(b)(2).

**Parties**

3. Plaintiff MICHAEL ARNOLD is an Orthodox Jew currently presently confined at Mound Correctional Facility, located in New Haven, Michigan, and he was under the jurisdiction of the Michigan Department of Corrections (MDOC) at all times relevant.

4. Plaintiff's religious beliefs do not command him to practice vegetarianism or to be a vegan.

5. In fact, pursuant to his religious beliefs, Plaintiff is to consume Kosher meat and diary.

6. Plaintiff's religious beliefs are sincerely held.

7. The religious meals provided to Plaintiff by prison staff are to be prepared and delivered in a Kosher manner and he is to receive Kosher food, such as meat and diary products.

8. Defendant HEIDI WASHINGTON is presently the Director of the MDOC and is responsible for implementation and enforcement of the policy requiring that Plaintiff consume Vegan meals that are not prepared or served in a Kosher manner

and not to receive Kosher food. Defendant Washington has implemented a policy directive that allows religious meals for Jewish prisoners to be prepared and served in a non-Kosher manner in violation of Plaintiff's religious beliefs and not to provide Kosher meats and diary products.

9. Defendant Washington enforces MDOC Policy Directive (P.D.) 05.03.150, "Religious Beliefs and Practices of Prisoners," with an effective date of July 26, 2013. P.D. 05.03.150 states that prisoners who do not feel that the new vegan diet does not meet their needs may request an alternative menu.

## Class Action Allegations

10. Plaintiff intends to proceed, pursuant to Fed. R. Civ. P. 23, on behalf of all other persons similarly situated in obtaining a declaratory judgment and an injunction against Defendant Washington as to the present practice of not preparing and serving Jewish's religious menus in a Kosher manner and not providing Kosher food, such as meats and diary, to Jewish prisoners.

11. The named Plaintiff and the proposed class are claiming that the MDOC's policy is to force Jewish prisoners to consume religious meals made in a non-Kohser manners violates the First Amendment and RLUIPA.

12. The named Plaintiff and the proposed class are claiming that the MDOC's policy is to force the plaintiff and the proposed class to forego Kosher's meal and diary products.

3

13. Defendant's implementation of these policies forces Plaintiff and other prisoners approved to receive Jewish religious meals to be served Vegan food not prepared in a Kosher-manner and to forego Kosher meats and diary products.

14. Based on paragraph 13, Defendant has created a systemic system that does not provide Vegan food prepared and served in a Kosher manner, which is in violation of the religious rights of Jewish prisoners.

15. In the implementation of Defendant's policy that Jewish prisoners approved to receive religious meals will be served Vegan meals, Defendant has failed to establish a system that Vegan meals prepared, utensils used for that preparation and equipments used to clean these items are prepared in a Kosher manner.

16. The systemic deficiencies of preparing Vegan meals in a Kosher manner have resulted in the Plaintiff and the proposed class needlessly suffering the violation of their First Amendment and RLUIPA rights.

17. The systemic deficiencies of preparing Vegan meals in a Kosher manner have resulted in the Plaintiff and the proposed class and not providing these prisoners with Kosher meats and diary products needlessly suffering the violation of their First Amendment and RLUIPA rights.

18. The Defendant is directly responsible for not providing Kosher prepared Vegan meals to the Plaintiff and the proposed class and not providing them Kosher meats and diary products.

19. The proposed class is composed of all past, present and future Jewish prisoners who have been approved to receive religious meals in accordance with their religious beliefs and then are refused such religious meals based on the policy of the Defendant to provide Vegan meats not prepared in a Kosher manner.

20. The proposed class is composed of all past, present and future Jewish prisoners who have been approved to receive religious meals in accordance with their religious beliefs and then are refused Kosher meats and diary products by the Defendant, in violation of the First Amendment and PLUIPA.

21. Plaintiff seeks certification of a class of prisoners who have been designated by the prison system as Jewish, these prisoners have been approved to receive religious meals, but have not been given religious meals that have been prepared in a Kosher-manner.

22. Plaintiff seeks certification of a class of prisoners who have been designated by the prison system as Jewish, these prisoners have been approved to receive religious meals but are refused Kosher meats and diary products by the Defendant.

23. The maintenance of the instant action as a class action will be superior to individual litigation by promoting convenient and efficient administration of justice.

24. The named Plaintiff, and the proposed class members, have been subjected to a violation of their First Amendment and RLUIPA violations by the refusal of

5

Defendant to provide the Vegan meals prepared and served in a Kosher-manner and to provide Kosher meats and diary products.

25. The proposed class of prisoners similarly situated to the named Plaintiff is so numerous, it is impractical to list or bring all members before the court. On information and belief, there are at least 50 to 100, if not more, Jewish prisoners of the MDOC who are similarly situated to the named Plaintiff, in that, they have been denied religious meals prepared and served in a Kosher-manner and not provided Kosher meals and diary products.

26. The named Plaintiff and his counsel will fully and adequately represent the interests of all the members of the proposed class.  Counsel Manville specialized in the area of prisoners' rights and has litigated other class action lawsuits and is presently litigated a proposed class action involving the entire prison system providing of dental care, *see Johannes v. Washington*, No. 2:14-cv-11691-LJM-MKN (class action but no certification of class yet). Counsel Michael Steinberg is the Legal Director of Michigan ACLU and has been involved as co-counsel in numerous lawsuits involving class action allegations.

27. The nature of the rights sought to be enforced by the Plaintiff is typical of all of the members of the proposed class, because there are common questions of law and fact that predominate over questions affecting only individual member, and common relief is sought.

## Factual Allegations

28. Plaintiff has been recognized that his religion is Jewish and he has been approved by prison staff to receive Jewish religious meals.

29. MDO has created a Vegan meal to fits all religious meals.

30. Policy Directive 05.03.150 ¶PP states: "The Department offers a religious menu to meet the dietary needs of prisoners. The Department will begin offering a Vegan menu which will replace all currently approved religious menus on the following dates for the listed facilities:…"

31. P.D. 05.03.150 also states that prisoners who do not feel that the new vegan diet does not meet their needs may request an alternative menu.

32. The Vegan meals are not prepared or served in a Kosher-manner, such as,

    a. all the food items used in the preparation of the Vegan meals are not recognized as being Kosher;

    b. all the utensils used in the preparation of the Vegan meals are not certified as being Kosher;

    c. all the area where the Vegan meals are prepared are not Kosher; and

    d. all the equipment used to clean the utensils to prepare, cook and consume are not Kosher.

33. Plaintiff has requested for an alternative menu, which is meals prepared and served in a Kosher-manner but that has been rejected and Defendant has not offered Plaintiff Kosher meats and diary products.

34. Based on the Defendant refusing to provide Kosher meals to him, Plaintiff is not able to receive from the MDOC the daily calories established by both the MDOC and the national standards for food daily consumption.

35. Defendant refused to provide Kosher-prepared meals to the Plaintiff created a conflict between his sincerely held religious beliefs and going hungry each day.

36. Defendant refused to provide Kosher meats and diary products created a conflict between his sincerely held religious belief.

37. There exists no security reason why the Defendant cannot provide religious meals prepared in a Kosher-manner and to provide Kosher meats and diary products.

38. The plaintiff is being forced to choose between a fundamental commandment of his faith, i.e., the mitzvah (commandment) to eat meat and keep kosher on the one hand, and the generally available, non-trivial benefit of eating a diet that features meat and dairy products, thereby fulfilling these mitzvoth on the other hand.

39. Defendant is placing substantial pressure on the plaintiff to modify his behavior and to violate his beliefs. Plaintiff ability to freely practice his chosen religion is being substantially burdened.

40. RLUIPA prohibits a state from imposing substantial and unjustified burdens on the religious liberty of state prisoners. It provides in pertinent part:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person
> 1. is in furtherance of a compelling governmental interest; and
> 2. is the least restrictive means of furthering that compelling governmental interest. 42 U.S.C. § 2000cc-1.

41. RLUIPA applies to any penal institution that receives federal financial assistance. *Id*. It defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). Additionally, it provides that "[a] person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government." 42 U.S.C. § 2000cc2(a).

42. Pursuant to 42 U.S.C. §§13702, 13704, and 13705, MDOC receives federal grants and monies to keep its facilities densely populated and operating, in the form of monies for its various programs.

43. The Defendant has imposed a substantial burden on the religious exercise of Plaintiff in failing to provide Vegan meals that are Kosher prepared and served, all in violation of RLUIPA.

9

44. The Defendant has imposed a substantial burden on the religious exercise of Plaintiff in failing to provide meat and dairy products that are recognized as being allowed for those practicing the Jewish religion, and is in violation of RLUIPA.

45. The Plaintiff, by virtue of being Jewish, has been forced to choose between being forced to be a Vegan, a diet that is based on religious precepts that he does not hold and which will not actually be Kosher in any case because of how the Defendant's agents prepares the Vegan meals.

46. The Plaintiff has also had a substantial burden placed on his religious belief because he is unable to fulfill the biblical mitzvah (commandment) to eat Kosher meat.

47. The Plaintiff and class members have also had a substantial burden placed on their religious beliefs because they are unable to fulfill the rabbinical instruction to eat Kosher dairy products on certain religious holidays.

48. The Defendant has engaged in a policy and practice to force the plaintiff and the class members to become vegan by not allowing them meaningful access to kosher meat and/or kosher dairy products. Defendant has not demonstrated that the imposition of these burdens on the plaintiff is in furtherance of a compelling governmental interest, nor has it shown that it is the least restrictive means of furthering a compelling governmental interest.

    WHEREFORE, for the reasons stated above this Court should:

a. Grant a declaratory judgment that Plaintiff and the class rights were violated by not being provided Kosher prepared and served food and not being provided meat and dairy products that are Kosher;

b. Grant an injunction to require Defendant to provide Plaintiff and the class meals to meet their Jewish religious beliefs by providing food prepared and served in a Kosher-manner;

c. Grant an injunction to require Defendant to provide Plaintiff and the class access to Kosher meats and diary products;

d. Grant attorneys' fees and costs; and

e. Grant any other relief that is just and equitable.

Respectfully submitted,

/s/ Daniel E. Manville
Daniel Manville (P39731)
Substitute Counsel for Plaintiff
Director, Civil Rights Clinic
MI. State University College of Law
610 Abbott Road
East Lansing, Michigan 48823
(517) 336-8088, Ext. 1137
daniel.manville@law.msu.edu

## PROOF OF SERVICE

I, Daniel E. Manville certify, under penalty of perjury, that on August , 2016, I caused a copy of the above document to be served by the ECF system on Defendant's counsel.

/s/ Daniel E. Manville
Daniel E. Manville