UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD,

    Plaintiff,

v.

                              Civil Case No. 13-14137
                              Honorable Linda V. Parker

DANIEL H. HEYNS, MICHAEL
MARTIN, and BRAD PURVIS,

    Defendants.
_____/

## OPINION AND ORDER REJECTING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### Introduction

On September 27, 2013, Plaintiff commenced this action against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff is suing Defendants in their official capacities as MDOC's Director, Special Activities Coordinator, or Food Service Director. (*See* ECF No. 1 at Pg ID 1-2.) In his Complaint, Plaintiff alleges that Defendants are violating his rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act by implementing a Michigan Department of Corrections ("MDOC") policy directive that replaces all previously offered

religious menus with a vegan diet.[1]  Plaintiff is an Orthodox Jew incarcerated in an MDOC prison facility who adheres to a kosher diet in accordance with his religious beliefs.  The matter has been referred to Magistrate Judge Mona K. Majzoub for all pretrial matters.  (ECF No. 11.)

## Background

On December 18, 2015, Defendants filed a motion for summary judgment.  (ECF No. 65.)  Shortly thereafter, counsel entered a conditional appearance to represent Plaintiff, who previously had been proceeding pro se and had been attempting to obtain representation throughout the litigation.  On February 2, 2015, Plaintiff filed a response to Defendants' motion.[2]  (ECF No. 71.)

Magistrate Judge Majzoub issued a report and recommendation ("R&R") with respect to the motion on December 21, 2016.  (ECF No. 96.)  In the R&R, Magistrate Judge Majzoub recommends that the Court construe Defendants' motion as a motion for partial summary judgment as they address only one of the two distinct ways

---

[1] In an Opinion and Order issued June 24, 2014, this Court adopted Magistrate Judge Mona K. Majzoub's recommendation to sua sponte dismiss Plaintiff's Fourteenth Amendment Equal Protection claim.  (ECF No. 28.)

[2] The response appears to have been prepared by Plaintiff only, however.  Counsel's appearance was conditional on an extension of time to conduct discovery and to properly respond to the summary judgment motion.  (ECF No. 69.)  On April 29, 2016, Magistrate Judge Majzoub granted in part counsel's request for an extension of time to conduct discovery and set a September 30, 2016 deadline for the filing of a response to Defendants' motion.  (ECF No. 75.)  Nevertheless, no additional response was filed.

Plaintiff claims Defendants are violating his rights.  (*Id*. at 9-10.)  Specifically, as Magistrate Judge Majzoub explains, Plaintiff is claiming that Defendants are violating his rights by: (1) adopting a vegan religious diet that does not conform to his religious belief that he eat meat (which the magistrate judge has termed his "meat consumption" claims); and (2) by preparing food and cleaning trays and utensils in a manner that renders the food served to him non-kosher (termed his "cross-contamination" claims).  (*Id*. at 9.)  In their motion, Defendants address only Plaintiff's "meat consumption" claims.

Magistrate Judge Majzoub recommends that the Court grant summary judgment to Defendants on those claims.  (*Id*. at 9-13.)  The magistrate judge finds that Plaintiff fails to offer sufficient proof to support the sincerity of his claimed religious belief that he is required to eat meat.  (*Id*. at 12.)  At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them.  (*Id* at 13-14.)  She further specifically advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal." (*Id*. at 13.)  Defendants filed objections to the R&R on January 4, 2017.

**Standard of Review**

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to review independently those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**Analysis**

In their objections, Defendants contend that Plaintiff's cross-contamination claims should be dismissed because, during his deposition, Plaintiff did not request relief that would rectify the cross-contamination he alleges. (ECF No. 98 at 1-2.) Specifically, when asked what relief he is seeking in this litigation, Plaintiff testified that he wanted the Court to order Defendants to provide kosher meat and dairy products at meals and allow him to purchase kosher meat products from the prison store. (*Id*., citing Pl.'s Dep. Tr. at 27-29, ECF No. 65-3 at Pg ID 1023-24.)

4

Alternatively, Defendants argue that Plaintiff's cross-contamination claims are moot because he no longer is incarcerated at MDOC's Central Michigan Correctional Facility.

First, having read the portion of Plaintiff's deposition testimony Defendants cite, the Court does not conclude that it limits Plaintiff to relief not listed and asked about by Defendants' counsel.  Plaintiff only confirmed that he is seeking the relief Defendants' counsel recited.  (*Id*. at 27-28.)  Defense counsel then asked: "Any other specific relief that you're seeking from the court?"  To which Plaintiff responded: "Pretty much everything that I've written in there [i.e., his Complaint]."  (*Id*. at 28.)  Counsel asks: "Anything else?" and "Is that it?"  (*Id*.)  Plaintiff answered: "Pretty much" and "That's pretty much everything."  (*Id*. at 28-29.)  Plaintiff's answer leaves open the possibility of something more.

Second, among the relief defense counsel includes in his questioning of Plaintiff at his deposition is the provision of kosher meals.  (*Id*. at 28.)  Plaintiff alleges that Defendants are depriving him of kosher meals because of the cross-contamination problem.

Third, this Court has construed Plaintiff's Complaint as alleging violations of his religious rights based on cross-contamination.  Plaintiff may not state the basis of those claims or the relief he is seeking as clearly as a lawyer might.  Nevertheless, in

5

light of Plaintiff's pro se status throughout most of this litigation, his Complaint and filings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Finally, the Court does not find Plaintiff's cross-contamination claims moot. Plaintiff does not allege that his religious rights are violated based on the manner in which food, utensils, and trays are handled at a particular MDOC facility. Instead, Plaintiff asserts in his Complaint that "how *the MDOC* washes its trays and utensils" results in the food he is served not being kosher. (Compl. ¶ 27, ECF No. 1 at Pg ID 13, emphasis added.) There is no basis to conclude that Plaintiff claims a harm unique to the Central Michigan Correctional Facility, as Defendants assert in their objections. As such, MDOC's multiple transfers of Plaintiff during the pendency of this lawsuit have not mooted his cross-contamination claims.

In short, the Court rejects Defendants' objections to Magistrate Judge Majzoub's December 21, 2016 R&R and adopts the recommendations therein.

Accordingly,

**IT IS ORDERED** that Defendants' motion for partial summary judgment (ECF No. 65) is **GRANTED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: January 20, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 20, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury  
Case Manager
