UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD,

    Plaintiff,

v.

Civil Case No. 13-14137
Honorable Linda V. Parker

DANIEL H. HEYNS, MICHAEL
MARTIN, and BRAD PURVIS,

    Defendants.
_____/

# **OPINION AND ORDER**

This matter presently is before the Court on Plaintiff's appeal of Magistrate Judge Mona K. Majzoub's December 20, 2016 opinion and order denying Plaintiff's motion for leave to file an amended complaint and Plaintiff's motion for reconsideration of an order denying Plaintiff's motion to modify the scheduling order. Magistrate Judge Majzoub denied Plaintiff's request to amend his complaint to assert his claims as a class action, concluding that there was undue delay in making the request and that Defendants would suffer resulting prejudice. Magistrate Judge Majzoub denied Plaintiff's motion for reconsideration, concluding that he failed to demonstrate good cause for seeking additional discovery, particularly as she was denying his request to amend the complaint.

In his appeal, filed January 2, 2017, Plaintiff argues that Magistrate Judge Majzoub abused her discretion by denying his motion to amend the complaint based, in part, on Plaintiff's failure to move for class certification when he filed this lawsuit. Plaintiff points out that he was pro se at the time and thus could not have asserted his claims on behalf of a class of prisoners. Plaintiff also contests the finding of undue prejudice to Defendants if he amends the complaint. Plaintiff contends that it is extremely difficult to submit an appeal of Magistrate Judge Majzoub's denial of his motion to modify the scheduling order, as it was a text only order providing no explanation for the decision. He states that if the Court grants his appeal of the denial of his motion to file an amended complaint, it also should modify the scheduling order.

**Standard of Review**

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met

2

when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

**Analysis**

For the reasons that follow, the Court concludes that it was error to reject Plaintiff's request to amend his Complaint. Because the Court concludes that the amendment should have been allowed, it finds good cause to grant Plaintiff's motion for reconsideration and to modify the scheduling order.

Plaintiff was not able to pursue this lawsuit as a class action until he was represented by counsel. *See Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (citing cases) (holding that denial of motion to certify the matter as a class action was proper as "pro se prisoners are not able to represent fairly the class"). He sought to have counsel appointed earlier in this litigation, which request was denied. Plaintiff eventually was able to secure representation through his own efforts in January 2016. Counsel quickly moved to extend the deadline for discovery in order to adequately represent Plaintiff.

At the hearing on the motion, counsel informed Magistrate Judge Mazjoub of their intent to file an amended complaint to add additional parties and possibly

3

additional claims.  Magistrate Judge Mazjoub granted Plaintiff's motion to extend discovery, noting in her decision that Defendants would not suffer resulting prejudice and that because Plaintiff had not conducted discovery, his efforts would not be cumulative.

Shortly thereafter, and before the new discovery deadline, Plaintiff filed his motion for leave to amend his Complaint.  Plaintiff did not unduly delay in seeking to amend his Complaint, as the amendment only could be requested once he obtained counsel.  Clearly counsel had to have some time to get up to speed in order to assess whether and what amendment(s) to pursue.  Defendants have not identified any real undue prejudice resulting from the amendment.  While they have filed dispositive motions, none of those motions have sought the complete dismissal of Plaintiff's claims.  While this case may not proceed to trial immediately if Plaintiff is allowed to amend his pleading, delay alone is not enough to justify denial of Plaintiff's request. *Shy v. Navistar Int'l Corp.*, 781 F.3d 820, 831 (6th Cir. 2015) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) ("In the context of a motion to amend a complaint, '[d]elay alone, … without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial.' ")

Accordingly, this Court **reverses** the magistrate judge's order denying Plaintiff's motion to file an amended complaint. The Court further **reverses** the decision to deny reconsideration of Plaintiff's motion to modify the scheduling order, as that decision was premised on the denial of his motion to amend.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file an amended complaint is **GRANTED** and the Complaint attached to Plaintiff's motion is deemed filed as of today;

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration of his motion to extend the scheduling order is **GRANTED**. A telephonic scheduling conference is scheduled for Friday, June 30, 2017, at 9:00 a.m. to address the new dates for this matter.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 29, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 29, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager