UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD,

       Plaintiff,

                                   Civil Case No. 13-14137
v.                                  Honorable Linda V. Parker

HEIDI WASHINGTON,

       Defendant.
_____/

## **ORDER**

       Plaintiff Michael Arnold ("Arnold") filed this action against Michigan

Department of Corrections ("MDOC") Director Heidi Washington ("Defendant"),

claiming that Jewish inmates requiring a kosher diet are receiving food not

prepared or served in a kosher manner. Plaintiff filed a motion for class

certification on October 9, 2017, which remains pending.[1] Defendant filed a

motion for summary judgment on December 21, 2017, which also remains

pending. The case is scheduled for trial March 5, 2018, after lengthy four and a

half year litigation proceedings. On January 26, 2018, Defendant filed a motion

---

[1] This Court granted the motion on November 16, 2017, but subsequently
struck the opinion and order because the parties had agreed to extend the time for
Defendant to file a response until December 1, 2017. Defendant filed her response
on that date, and the Court is prepared now to rule on the motion.

seeking to file a second dispositive motion. (ECF No. 140.) Specifically, Defendant seeks to file a motion to dismiss this lawsuit as moot because Plaintiff was paroled on January 23, 2018.

Generally, where the plaintiff's personal stake in the outcome of a lawsuit is eliminated during litigation, the matter becomes moot. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (a prisoner's claims for declaratory or prospective injunctive relief become moot once the prisoner is no longer incarcerated at the facility in question). There are recognized exceptions to the mootness doctrine, however. For example, "[o]nce a class is certified, the mooting of the named plaintiff's claim does not moot the action." *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993). In *Brunet*, the Sixth Circuit recognized that "special mootness rules exist for class actions." *Id*. As such, even before a class is certified, if a motion for class certification is pending and the defendant has unilaterally mooted the named plaintiff's claims, the case is not moot *provided* there is another proposed class member willing to serve as a surrogate. *See Dozier v. Haveman*, No. 14-cv-11691, 2014 WL 5483008, at *9-12 (E.D. Mich. Oct. 29, 2014) (citing *Sosna v. Iowa*, 419 U.S. 393, 403 n.11 (1975) and *Gerstein v. Pugh*, 420 U.S. 103, 110 n.11 (1975)); *see also Wilson v. Gordon*, 822 F.3d 934, 945-46 (6th Cir. 2016) (citing *Olson v. Brown*, 594 F.3d 577, 582 (7th Cir. 2010)). This

Court is inclined to conclude that this lawsuit is not moot as a result of Plaintiff's parole, because Plaintiff seeks only prospective and injunctive relief and he was paroled after the motion for class certification was filed.

As such, Plaintiff shall respond to Defendant's motion for leave to file a second dispositive motion within **ten (10) days** of this Order.  In that response, Plaintiff shall identify a putative class member willing to serve as the named plaintiff in this action, if there is such an individual.  Plaintiff also should respond to Defendant's arguments in her motion for leave to file a second dispositive motion.  Defendant may file a reply brief within **seven (7) days** of Plaintiff's filing.

**SO ORDERED**.

DATE:  January 29, 2018

s/Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 29, 2018, by electronic and/or ordinary mail.

s/Julie Owens acting in the absence of Richard Loury
Case Manager