UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ARNOLD, individually
and on behalf of a putative class,

       Plaintiff,

                                                                  Civil Case No. 13-14137
v.                                                           Honorable Linda V. Parker

HEIDI WASHINGTON,

       Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Plaintiff Michael Arnold ("Arnold") pursues this action against Michigan Department of Corrections ("MDOC") Director Heidi Washington ("Defendant"), claiming that Jewish inmates requiring a kosher diet are receiving food not prepared or served in a kosher manner. Arnold seeks only declaratory and injunctive relief. The matter is presently before the Court on Defendant's Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1). In the motion, Defendant argues that the action is now moot because Arnold was paroled on January 23, 2018. The motion has been fully briefed. Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Procedural Background

This lawsuit has been pending for more than four and a half years. Arnold initially filed the action pro se. He sought to have counsel appointed for him early in the litigation, but his request was denied. Through his own efforts, Arnold was able to secure representation in January 2016.

At that point—and only at that point, *see Palasy v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001)—was Arnold able to pursue this action on behalf of a class, which this Court allowed him to do on June 29, 2017. After Arnold filed his putative class action amended complaint and Defendant answered, Arnold promptly moved for class certification on October 9, 2017.

The Court prematurely granted the motion on November 16, 2017, having overlooked the parties' stipulation to extend their deadlines to respond and reply to the motion. The Court, therefore, struck its opinion and order granting Arnold's motion for class certification. The motion was fully briefed and prepared for ruling when, on January 26, 2018, Defendant moved to file its motion to dismiss on mootness grounds based on the MDOC's parole of Arnold three days earlier. On February 16, 2018, the Court allowed Defendant to file the motion.

Arnold's counsel has identified two Jewish MDOC prisoners who have been approved to receive kosher meals and are willing to represent the putative class.

In the interim, Defendant also filed a motion for summary judgment on December 21, 2017—the deadline for filing dispositive motions. The case was scheduled for final pretrial conference and trial on February 21 and March 5, 2018, respectively.

## Applicable Law and Analysis

"'Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.'" *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 595 (6th Cir. 2014) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). A case may become moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 410 (1980) (internal quotation marks and citation omitted). This latter "personal stake requirement" is a corollary to the rule that federal courts lack the power to "decide questions that cannot affect the rights of the litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). The plaintiff must have a stake in the action from its filing through its termination. *See Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 567 (6th Cir. 2013). If developments during the course of litigation eliminate the plaintiff's personal stake, the case generally must be dismissed as moot. *Id*. (citing *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

"When class actions are involved, however, the Supreme Court has explained that 'the Art[icle] III mootness doctrine' is 'flexible.'" *Wilson v. Gordon*, 822 F.3d 934, 942 (6th Cir. 2016) (quoting *Geraghty*, 445 U.S. at 400). "Once a class is certified, the mooting of the named plaintiff's claim does not moot the action." *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993). "This is because once a class is certified, 'the class of unnamed persons described in the certification acquires a legal status separate from the interest asserted' by the named plaintiff." *Wilson*, 822 F.3d at 942 (quoting *Sosna v. Iowa*, 419 U.S. 393, 399 (1975)). In *Brunet*, the Sixth Circuit also recognized that "special mootness rules exist for class actions." 1 F.3d at 399. Particularly relevant to the current matter is the "inherently transitory" exception.

This exception developed from the Supreme Court's decision in *Sosna*, where the Court observed:

> There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such circumstances, whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise would evade review.

419 U.S. at 402 n.11. The Court invoked this exception in *Gerstein v. Pugh*, 420 U.S. 103 (1975). The named plaintiffs in *Gerstein* filed a lawsuit on behalf of a putative class of pretrial detainees, alleging that Florida violated their

constitutional rights by not providing a prompt probable cause hearing. *Id*. at 105-07. The record before the Supreme Court did not clearly show whether any of the named plaintiffs were still pretrial detainees when the district court certified the class. *Id*. at 110 n.11. Nevertheless, the Court held that the case was not moot, explaining:

> The length of pretrial custody cannot be ascertained at the outset, and it may be ended at any time by release on recognizance, dismissal of the charges, or a guilty plea, as well as by acquittal or conviction after trial. It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. Moreover, in this case the constant existence of a class of persons suffering the deprivation is certain."

*Id*.

From *Gerstein*, courts have distilled two requirements for the "inherently transitory" exception to apply: "(1) that the injury be so transitory that it would likely evade review by becoming moot before the district court can rule on class certification, and (2) that it is certain other class members are suffering the injury." *Wilson*, 822 F.3d at 945. Defendant does not dispute that the second requirement is met. She does argue, however, that the injury is not transitory.

While Defendant does not elaborate on why she believes the injury is not transitory, the Court presumes she means that, unlike pretrial detainees, convicted inmates such as Arnold are likely to remain incarcerated long enough for their claim to be decided without becoming moot. In other words, Defendant appears to

5

be contending a claim raised by an inmate serving a prison sentence will not naturally expire in a short amount of time. The Sixth Circuit has held, however, that "the uncertainty about how long an injury caused by ongoing conduct will persist can also render a claim inherently transitory." *Id*. In reaching this decision, the *Wilson* court relied upon the Seventh Circuit's decision in *Olson v. Brown*, 594 F.3d 577 (7th Cir. 2010). The *Olson* decision is particularly instructive in the present matter.

The Seventh Circuit held in *Olson* that a class action brought by an inmate alleging constitutional violations at a county jail was not moot even though the named plaintiff was transferred out of the jail before the class was certified. 594 F.3d at 582. The court reasoned:

> While the ultimate length of confinement does affect the applicability of the "inherently transitory" exception, the essence of the exception is uncertainty about whether a claim will remain alive for any given plaintiff long enough for a district court to certify the class.

*Id*. The *Olson* court emphasized that the named plaintiff "did not know when his claim would become moot" because "[t]he duration of his claim was at the discretion of the Indiana Department of Correction. An individual incarcerated in a county jail may be released for a number of reasons that he cannot anticipate." *Id*. at 583.

Based on *Olson* and *Wilson*, this Court concludes that the "inherently transitory" exception applies to the instant case. Arnold did not know how long he

6

would remain an MDOC inmate and thus how long his claims for injunctive and declaratory relief would remain live. As such, the Court holds that his parole before the ruling on his motion for class certification did not moot the claims of the putative class.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1) is **DENIED**;

**IT IS FURTHER ORDERED** that the parties shall appear for a telephonic status conference on <u>March 13, 2018 at 2:00 p.m.,</u> prepared to address: (1) Arnold's counsel's proposed substitution of Mark Shaykin and Gerald Ackerman (*see* ECF No. 143); (2) whether the proposed substitution, if allowed, necessitates additional discovery and amendments to the class certification briefs (specifically, on the issues of typicality and adequacy of representation); and (3) a modified scheduling order.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: March 5, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 5, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager