UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ACKERMAN and
MARK SHAYKIN,

      Plaintiffs,

                                          Civil Case No. 13-14137
v.                                            Honorable Linda V. Parker

HEIDI WASHINGTON,[1]

      Defendant.
_____/

## OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (ECF No. 113)

Michael Arnold ("Arnold") filed this action against Michigan Department of Corrections ("MDOC") Director Heidi Washington ("Defendant"), claiming that Jewish inmates requiring a kosher diet are receiving food not prepared or served in a kosher manner. Arnold alleged that this conduct violates the putative class members' First Amendment rights and their rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. Arnold sought declaratory and injunctive relief. After Arnold was paroled, the parties

---

[1] Arnold initially named several additional MDOC officials as defendants in his complaint. However, in his amended complaint, filed June 29, 2017, Arnold identified only Washington as a defendant. (*See* ECF Nos. 90-1, 106.) The Court therefore is now dismissing the remaining officials as defendants.

stipulated to the substitution of Gerald Ackerman and Mark Shaykin as Plaintiffs and putative class representatives. (ECF No. 155.)

Presently before the Court is Plaintiffs' motion for class certification, filed October 9, 2017.[2] (ECF No. 113.) In the motion, Plaintiffs proposes the following class definition:

> Jewish prisoners who are designated to receive religious meals and have been served Vegan meals prepared in a non-Kosher manner, including, but not limited to, where the utensils used in the preparation of the Vegan meals are not certified as being Kosher; where all the area where the Vegan meals are prepared is not Kosher; and where all the equipment used to clean the utensils is not Kosher are included within this class.

Per the parties' stipulation, Defendant filed a response to the motion on December 1, 2017. (ECF No. 118.) Plaintiffs filed a reply brief on December 14, 2017. (ECF No. 123.) For the reasons set forth below, the Court is granting the motion.

**Applicable Law and Analysis**

A party seeking class certification must meet the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(1), (2), *or* (3). The movant bears the burden of "establish[ing] his right" to class certification. *Beattie v. Centurytel., Inc.*, 511 F.3d 554, 560 (6th Cir. 2007). A proposed class must meet four

---

[2] The motion initially was filed by Arnold. As Ackerman and Shaykin have been substituted for Arnold, the Court will hereafter refer to the motion as if filed by them.

2

prerequisites before being certified as a class, namely: (1) it must be "so numerous that joinder of all members is impractical;" (2) there must be "questions of law or fact common to the class;" (3) "the claims … of the representative parties" must be "typical of the claims … of the class;" and (4) "the representative parties" must be capable of "fairly and adequately protect[ing] the interests of the class." Fed. R. Civ. P. 23(a). In their stipulation regarding the substitution of Ackerman and Shaykin as Plaintiffs, the parties agree that their claims are typical of the claims of the class and that they will fairly and adequately protect the interests of the class. (*See* ECF No. 155 at Pg ID 1828). As such, only the first and second factors for class certification are in dispute.

### Numerosity

As to the first requirement, there is no "strict numerical test" that must be met for class certification. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 n.24 (6th Cir. 1976). The requirement can be satisfied with a class size as low as 35 people. *See Afro Am. Patrolmen's League v. Duck*, 503 F.2d 294, 298 (6th Cir. 1974) (finding class sufficiently numerous at 35); *Ham v. Swift Transp. Co.*, 275 F.R.D. 475, 483 (W.D. Tenn. 2011) ("Where the number of class members exceeds forty, Rule 23(a)(1) is generally deemed satisfied."). Rather, numerosity "requires examination of the specific facts of each case . . .." *Gen. Tel. Co. of the N.W., Inc.*

3

*v. EEOC*, 446 U.S. 318, 330 (1980). In addition to the number of proposed members, then, courts commonly consider such factors as the ability of the members to bring individual lawsuits and whether class certification would promote judicial economy. *See Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 56 (N.D. Ill. 1996).

Relying on Defendant's response to their discovery requests, Plaintiffs indicate that there are 193 MDOC inmates who are similarly situated to them—that is, they are Jewish individuals incarcerated in an MDOC facility and are designated to receive a kosher diet. (Pl.'s Reply Br. at 2-3, ECF No. 123 at Pg ID 1407-08.) Plaintiffs contend that their joinder is impractical. This Court agrees, particularly because these individuals are prisoners housed at various MDOC facilities throughout the State of Michigan. The ability of these inmates to bring individual lawsuits is unlikely, particularly in light of the filing fee, which is not waived for indigent prisoners (although it can be paid incrementally). *See* 28 U.S.C. § 1915. Moreover, these individuals are unlikely able to afford counsel to represent them and finding pro bono counsel is difficult. Judicial economy therefore is promoted by joining their claims in one action.

Defendant nevertheless argues that Plaintiffs lack proof that any of the putative class members are dissatisfied with the content of the vegan religious

meals or how the meals are prepared. (Def.'s Resp. Br. at 4, ECF No. 118 at Pg ID 1376.) The Court is unsure how Defendant expects Plaintiffs to know this information at this stage of the litigation. Putative class members may not even be aware that their right to receive meals in accordance with their religious beliefs is allegedly being violated by Defendant. Defendant asserts that "[Ackerman's and Shaykin's] desire for a kosher meal and for more stringent controls on food preparation" may not be representative of the putative class as a whole. (*Id*. at 5, Pg ID 1377.) This Court must assume at this juncture, however, that if Jewish prisoners requested and were approved to receive Kosher meals that they, like Plaintiffs, want their meals to comply with the laws of Kashrut. Moreover, this Court is unaware of any precedent requiring as a prerequisite to class certification that the named plaintiffs establish putative class members' desire to join the class.

As such, the Court finds that Plaintiffs meet the numerosity requirement.

**Commonality**

The commonality requirement of Rule 23(a)(2) "simply requires a common question of law or fact." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 884 (6th Cir. 1997). As the Sixth Circuit subsequently explained: "'The interests and claims of the various plaintiffs need not be identical. Rather, the commonality test is met when there is at least one issue whose resolution will affect all or a

5

significant number of the putative class members.'" *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 424 (6th Cir. 1998) (quoting *Forbush v. J.C. Penney Co., Inc.*, 994 F.2d 1101, 1106 (5th Cir. 1993)).

The relevant question for all members of the proposed class is the same: Does MDOC provide meals that in fact are kosher to Jewish prisoners designated to receive kosher meals?[3] Plaintiffs allege that MDOC uses non-kosher items in preparing kosher meals and uses non-kosher equipment, utensils, and areas to prepare and serve the meals. Plaintiffs' RLUIPA and First Amendment claims are typical of the claims they seek to assert on behalf of the putative class. Therefore, Rule 23(a)'s second and third elements are satisfied.

For these reasons, the Court concludes that Rule 23(a)'s four requirements for class certification are satisfied.

## Rule 23(b)'s Requirements

In addition to satisfying the requirements of Rule 23(a), a party seeking class certification must meet at least one of the requirements of Rule 23(b). Plaintiffs seek certification under Rule 23(b)(2). Pursuant to this provision,

---

[3] To challenge Plaintiffs' satisfaction of the commonality requirement, Defendant again relies on her argument that Plaintiffs fail to show that any putative class members object to the meals they are receiving. For the same reasons set forth above, the Court finds that this argument does not undermine the commonality of Plaintiffs' claims and those of the putative class.

> [a] class action may be maintained if Rule 23(a) is satisfied and if: …
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole ….

Fed. R. Civ. P. 23(b)(2).

Plaintiffs allege that Defendant fails to provide kosher-certified meals to Jewish prisoners throughout MDOC's facilities, resulting in the systemic violation of their religious rights pursuant to RLUIPA and the First Amendment. They seek injunctive relief against any such future violations. This is a "prime example" of a case properly certified as a class under Rule 23(b)(2). *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2557-58 (2011) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997)) ("'Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples[]' of what (b)(2) is meant to capture."). The Court concludes that the proposed class meets the standard imposed by Rule 23(b)(2).

## Conclusion

For the reasons set forth above, the Court holds that Plaintiffs satisfy all of the prerequisites for class certification under Rule 23(a) and (b)(2). Accordingly, the Court **GRANTS** Plaintiffs' motion for class certification (ECF No. 113) and

7

**CERTIFIES** the following class with respect to the claims in Plaintiffs' First Amended Complaint:

> All Jewish individuals confined with the Michigan Department of Corrections who are designated by the prison system to receive kosher meals.

The Court **DESIGNATES** Ackerman and Shaykin as the representative plaintiffs for that certified class and, pursuant to Federal Rule of Civil Procedure 23(g), Daniel E. Manville and Michael Steinberg as lead class counsel.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 21, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 21, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager