UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ACKERMAN and
MARK SHAYKIN,

    Plaintiffs,

v.

Civil Case No. 13-14137
Honorable Linda V. Parker

HEIDI WASHINGTON,

    Defendant.
_____/

# OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This lawsuit involves Jewish Michigan Department of Corrections ("MDOC") inmates who are approved to receive a kosher diet. At issue at this juncture is whether those individuals are provided food not prepared or served in a kosher manner.[1] Plaintiffs allege that this conduct violates putative class members' First Amendment rights and their rights under the Religious Land Use and

---

[1] Initially, the lawsuit also challenged the failure of MDOC to provide meat and dairy products to inmates requiring a kosher diet when it switched to a vegan diet for all inmates approved for religious meals. That claim previously was dismissed (*see* ECF Nos. 96, 99), although Plaintiffs have filed a motion asking the Court to reverse its previous ruling and reinstate their claim that meat consumption on Jewish religious holidays and Shavuot is part of their sincere religious beliefs. (*See* ECF No. 125.) The Court has not ruled on the motion and will do so in a separate decision.

Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. They seek declaratory and injunctive relief. The matter is presently before the Court on Defendant's summary judgment motion. The motion has been fully briefed. Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.     Summary Judgment Standard**

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323. Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## II. Factual Background

Plaintiffs are Orthodox Jewish prisoners, currently incarcerated at MDOC's Macomb Correctional facility. (ECF No. 143.) Based on their religious beliefs,

3

Plaintiffs maintain a kosher diet. MDOC has approved Plaintiffs to receive a kosher diet.

In 2013, MDOC decided to substitute vegan meals for the various religious diets (e.g., kosher, Halal) provided to inmates. Vegan meals contain no meat or dairy items. MDOC offers a vegan menu to meet the religious dietary needs of its prisoners at specified facilities.

An "MDOC Vegan Religious Meal Manual", dated April 21, 2017, sets forth the requirements for MDOC food service employees to prepare and service vegan meals. (Def.'s Mot., Ex. B, ECF No. 127-3.) According to the manual, food service employees providing vegan means must be trained in vegan meal procedures and must sign and date a form acknowledging their training. (*Id*. at 2, Pg ID 1511.) The manual describes such things as how vegan food should be stored, the trays, utensils, appliances, and cookware to be used only for vegan meals, how the trays, utensils, and cookware should be cleaned and stored, and how vegan meals should be served. (*Id*. at 3-6, Pg ID 1512-1515.) The manual explains that food and items used for vegan meals may not come in contact with those used for non-vegan meals. (*Id*.)

4

In the facilities where vegan meals are served, MDOC maintains separate kitchens, sinks, hot boxes, and utensils for vegan and non-vegan meals. Defendant attaches photographs to her motion purportedly showing the vegan areas and items, including locked cabinets for vegan knives and utensils. (Def.'s Mot., Exs. E-J.)

Plaintiffs allege that vegan meals are not, in practice, prepared in a kosher manner and that there is cross-contamination between kosher and non-kosher food products, cooking, and serving utensils. Plaintiffs point out that Defendant presents no forms signed by food service employees verifying completion of vegan meal training. According to Rabbi Elisha Rubin, who visited the Macomb Correctional Facility on September 17, 2014, there are "a number of kosher issues" at the facility, which he believes "do[] not meet kosher requirements." (ECF No. 113-2.) In an email to Melody Wallace at MDOC, dated October 1, 2014, Rabbi Rubin outlines several issues rendering the meals not kosher, including the fact that not all ingredients used are certified kosher, proper washing methods are not used to make sure vegetables are insect free, and certain food items (e.g. potatoes and rice) are not being cooked in accordance with Jewish law. (*Id.*) In the email, Rabbi Rubin makes suggestions to fix these deficiencies. (*Id.*) However, Defendant indicates in her November 15, 2017 response to Plaintiffs' discovery

5

requests that MDOC has not implemented any of those recommendations. (Pls.' Resp., Ex. 2, ECF No. 132-3.)

Rabbi Doniel Neustadt, Chairman of the Council of Orthodox Rabbis, visited the Macomb Correctional facility to observe the kosher food program on November 20, 2017. (*Id.*, Ex. 1, ECF No. 132-2.) Although finding "a sincere effort on the part of the prison authorities to do the best they can to serve kosher food[]", Rabbi Neustadt indicates that "from the perspective of Jewish law, the food cooked or baked in the facility cannot be certified as kosher, and given a choice, no observant Jew would eat the food prepared from that kitchen." (*Id*. at 1, Pg ID 1601.) Rabbi Neustadt lists four specific issues with the program that prevent the food from being certified as kosher: (1) the lack of a process to verify that only kosher items are used, where kosher and non-kosher items are stored in the same area); (2) the lack of a process to verify that only kosher kitchen equipment is used; (3) not using a rigorous washing and checking procedure to render leafy vegetables insect free; and (4) not having an observant Jew involved in the cooking process for those foods (e.g. potatoes and rice) requiring it. (*Id*. at 1-3, Pg ID 1601-03.)

### III. Discussion

#### A. Initial Matters

The Court makes two observations before analyzing whether Defendant is entitled to summary judgment on the claims before the Court. First, Plaintiffs contend that Defendant waived any argument concerning their First Amendment claim. The Court does not agree. The first issue stated in Defendant's statement of the issues presented is whether the Court should grant Plaintiffs' request for injunctive relief under RLUIPA *and* the First Amendment. (Def.'s Mot. at i, ECF No. 127 at Pg ID 1482; *see also id*. at 3, Pg ID 1485.) Moreover, Defendant relies on cases addressing First Amendment claims. (*Id.* at 7, 9, Pg ID 1489, 1491.)

Second, Defendant includes in her summary judgment motion a section addressing Plaintiffs' entitlement to a diet that includes dairy and meat. (*See* Def.'s Br. in Supp. of Mot. at 10-13, Pg ID 127 at Pg ID 1492-94.) Defendant indicates that she addresses the issue because Plaintiffs, in their amended complaint, continue to assert that their religious beliefs require them to consume meat and dairy, even though the Court previously dismissed their claim with respect to the content of religious meals. The Court will not address the arguments

7

raised by Defendant regarding the meat/dairy consumption issue here because, as Defendant correctly asserts, that claim previously was dismissed.

   B.   **Applicable Law**

Section 3 of RLUIPA provides in part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the burden furthers "a compelling governmental interest," and does so by "the least restrictive means."  42 U.S.C. § 2000cc-1(a)(1)-(2). "Religious exercise" is defined to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."  *Id*. § 2000cc-5(7)(A). An action "will be classified as a substantial burden when that action forced an individual to choose between 'following the precepts of her religion and forfeiting benefits' or when the action in question placed 'substantial pressure on an adherent to modify his behavior and to violate his beliefs.'"  *Barhite v. Caruso*, 377 F. App'x 508, 511 (6th Cir. 2010) (quoting *Living Water Church of God v. Charter Twp. of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007)).

The First Amendment Free Exercise Clause, made applicable to the states through the Fourteenth Amendment, provides that "Congress shall make no law … prohibiting the free exercise [of religion]."  U.S. Const. amend. I.  The Supreme

Court has held that prisoners retain their First Amendment rights, *see Pell v. Procunier*, 417 U.S. 817, 822 (1974), including the right to free exercise of religion. *See Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). To demonstrate a violation of their religious beliefs, Plaintiffs "must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'" *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987)).

As indicated, Plaintiffs seek declaratory and injunctive relief. To obtain a permanent injunction, Plaintiffs must show:

> that [they] have suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between [ P]laintiff[s] and [D]efendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*ebay, Inc. v. MercExchange, LLC*, 547 U.S. 488, 391 (2006) (citations omitted).

### C. Analysis

Defendant does not dispute that Plaintiffs' religious beliefs require them to consume kosher foods. Defendant argues, however, that MDOC is providing Plaintiffs with kosher meals and has measures in place to avoid cross-

9

contamination that would render the food non-kosher. According to Defendant, requiring MDOC to do more would cause substantial harm to others. Specifically, Defendant maintains that additional measures would be costly and over-burden Michigan taxpayers. Defendant also cautions that courts must avoid involving themselves in MDOC's day-to-day operations.

Plaintiffs present evidence to create a genuine issue of material fact with respect to whether MDOC is providing Plaintiffs with kosher meals. Despite MDOC's procedural safeguards to protect religious meals from cross contamination, Rabbis Rubin and Neustadt identify several deficiencies in those procedures that render the vegan diet non-kosher or that fail to guarantee that the foods served are kosher. These deficiencies include the lack of proper washing techniques for leafy vegetables, satisfaction of kosher cooking requirements for certain foods (e.g., rice and potatoes), and safeguards to assure that all ingredients used for vegan meals are certified kosher. A food preparation process that results in the vegan meals being non-kosher places a substantial burden on Plaintiffs because they are forbidden by their religious beliefs from consuming non-kosher food. Thus, they are left with the choice of violating their religious beliefs or not eating. *See Nelson v. Miller*, 570 F.3d 868, 879 (7th Cir. 2009) ("We have held

10

that a prisoner's religious dietary practice is substantially burdened when the prison forces him to choose between his religious practice and adequate nutrition); *Love v. Reed*, 216 F.3d 682, 689-90 (8th Cir. 2000) (finding prison's failure to accommodate prisoner's religious diet substantially burdensome and rejecting prison's suggestion that the prisoner could fast as an alternative to the prison's accommodation of the desired diet); *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987) ("Inmates ... have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion."); *see also Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002) ("prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions.").

Defendant asserts that forcing MDOC to go beyond what it already does to prevent cross contamination will cause substantial harm to others, specifically Michigan's taxpayers. Defendant asserts that MDOC would be required "to expend incredibly scarce resources to protect against cross contamination." (Def.'s Mot. at 8, ECF No. 128 at Pg ID 1490.) Defendant's assertions are merely conclusory, however. Defendant offers no specifics as to what additional safeguards it might need to employ or how much those mechanisms would cost.

11

Some of the changes suggested by Rabbis Rubin and Neustadt certainly do not seem costly to adopt.

Finally, requiring MDOC to enact additional protections to avoid cross contamination and to make sure inmates approved to receive kosher meals in fact are provided such meals does not involve the Court in the day-to-day operations of the prison system beyond what RUILPA and the First Amendment allow.

**IV.  Conclusion**

For the reasons set forth above, the Court finds genuine issues of material fact precluding summary judgment in Defendant's favor on Plaintiffs' RUILPA and First Amendment cross contamination claim.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment (ECF No. 127) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 5, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 5, 2018, by electronic and/or

U.S. First Class mail.

                                                                                                    s/ R. Loury  
                                                                                                    Case Manager