UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ACKERMAN and
MARK SHAYKIN,

    Plaintiffs,

v.

Civil Case No. 13-14137
Honorable Linda V. Parker

HEIDI WASHINGTON,

    Defendant.
_____/

## **OPINION AND ORDER GRANTING PLAINTIFFS' RULE 54(b) MOTION**

This matter presently is before the Court on Plaintiffs' motion seeking reinstatement of their claim that Defendant's provision of a vegan diet in lieu of a kosher diet imposes a substantial burden on Plaintiff's sincere religious beliefs that they must eat meat on the Sabbath and Jewish holidays and dairy on Shavuot.

### Background

Plaintiffs are Orthodox Jewish prisoners, currently incarcerated at MDOC's Macomb Correctional facility. (ECF No. 143.) Based on their religious beliefs, Plaintiffs maintain a kosher diet. MDOC has approved Plaintiffs to receive a kosher diet.

In 2013, MDOC decided to substitute vegan meals for the various religious diets (e.g., kosher, halal) provided to inmates. Vegan meals contain no meat or

dairy items.  MDOC offers a vegan menu to meet the religious dietary needs of its prisoners at only specified facilities.

In their initial complaint, filed pro se, Plaintiffs alleged inter alia that the vegan diet violated their First Amendment rights and their rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, because their sincere religious beliefs require them to consume meat and dairy products.  (*See, e.g.*, ECF No. 1 at Pg ID 10, 13.)  Plaintiffs further alleged that even if the vegan meals could be considered kosher, they are rendered non-kosher by how MDOC washes its trays and utensils.  (*Id*. at Pg ID 13.)  Defendant filed a motion seeking dismissal of Plaintiffs' RLUIPA and First Amendment claims, contending that Plaintiffs failed to allege a "substantial burden" on religious exercise.  (ECF No. 14.)

Magistrate Judge Mona Majzoub, to whom this case initially was assigned for all pretrial matters, issued a Report and Recommendation with respect to Defendant's motion on March 4, 2014.  (ECF No. 16.)  In the R&R, Magistrate Judge Majzoub recommended that the Court dismiss Plaintiffs' claims related to the manner in which MDOC washes its trays and utensils (referred to as Plaintiffs' "cross-contamination claims"), finding that Plaintiffs' complaint contained only threadbare assertions and no factual allegations regarding how MDOC's washing

procedures are improper.  (*Id.* at Pg ID 290.)  With respect to Plaintiffs' meat and dairy consumption claims, Magistrate Judge Majzoub recommended that the Court deny Defendant's motion to dismiss because Plaintiffs adequately alleged in their verified complaint and in attached affidavits that their religious beliefs required them to eat meat.  (*Id*. at Pg ID 291-92.)  Magistrate Judge Majzoub pointed out that the question of whether a religious belief is entitled to protection under the First Amendment or RLUIPA is not an objective inquiry.  (*Id*. at 291, citing *Colvin v. Caruso*, 505 F.3d 282, 298 (6th Cir. 2010).)

In an opinion and order filed June 24, 2014, this Court adopted in part and rejected in part the recommendations in Magistrate Judge Majzoub's R&R.  (ECF No. 28.)  Based on Plaintiffs' objections to the R&R, which included additional facts they could allege in support of their cross-contamination claims, the Court denied Defendant's motion to dismiss those claims.  (*Id.* at 509.)  The Court agreed with Magistrate Judge Majzoub that Plaintiffs' meat and dairy consumptions claims should not be dismissed.

On March 18, 2015, Defendant filed a motion for summary judgment with respect to Plaintiffs' meat and dairy consumption claims, arguing that Plaintiffs' assertion that their religious beliefs required them to eat meat and dairy was not sincere.  (ECF No. 65.)  In support of her motion, Defendant attached an affidavit

from David Leach, MDOC's Special Activities Coordinator. (ECF No. 65-6.) Defendant also relied on several cases where courts refused to order corrections officials to provide prisoners with a particular religious diet, including *McKenzie v. Michigan Department of Corrections*, No. 2:13-cv-291, 2013 WL 5963115 (W.D. Mich. Nov. 8, 2013) (unpublished).

In *McKenzie*, the district court concluded that the plaintiffs "fail[ed] to show that the consumption of meat and dairy is sufficiently significant to an adherent of the Jewish faith" and thus that their rights were violated by MDOC's vegan diet. *Id*. at *4. In their complaint, the *McKenzie* plaintiffs cited passages from the Bible in support of their claim, but the court found that those passages only spoke to which animals and dairy may be consumed. *Id.* The court found nothing in the passages requiring the consumption of meat or dairy. *Id.*

In his affidavit submitted in support of Defendant's summary judgment motion, Mr. Leach indicated that one of his responsibilities is to evaluate prisoner requests for religious diets and to chair the Chaplains' Advisory Council, which is comprised of representatives of various faiths and denominations and serves in an advisory capacity to the MDOC regarding religious policies and programming. (*Id*. ¶¶ 4, 5.) Mr. Leach stated:

4

> I am personally familiar with Kosher dietary restrictions of the Orthodox Jewish faith and have also discussed this issue with the Rabbi sitting on the CAC. Based on my personal knowledge and information provided by the CAC Rabbi, meat is not required to be consumed to meet Kosher dietary restrictions of the Orthodox faith and it is entirely consistent with Kosher dietary restrictions to consume a vegan diet.

(*Id.* ¶ 6.)

On December 21, 2016, Magistrate Judge Majzoub issued an R&R recommending that this Court grant summary judgment to Defendant on Plaintiffs' meat and dairy consumption claims. (ECF No. 96.) Magistrate Judge Majzoub substantially relied on the Sixth Circuit's affirmance of the district court's decision in *McKenzie*, which was issued after Defendant filed her summary judgment motion. (*Id.* at Pg ID 1262-64, citing *McKenzie v. Mich. Dep't of Corr.*, No. 14-1112, 2015 U.S. App. LEXIS 23209 (6th Cir. July 15, 2015) (unpublished).) The Sixth Circuit upheld the dismissal of the plaintiffs' complaint in *McKenzie*, agreeing with the district court that the plaintiffs failed to sufficiently allege that their sincerely held religious beliefs required them to consume meat and dairy. *McKenzie*, 2015 U.S. App. LEXIS 23209, at *4-5. Although Plaintiffs in the current matter relied on a different Bible passage than the *McKenzie* plaintiffs, Magistrate Judge Majzoub found nothing in the passage to compel the eating of meat. (ECF No. 96 at Pg ID 1263.) Magistrate Judge Majzoub also relied on Mr.

Leach's assertion that meat consumption is not required to comply with kosher dietary restrictions of the Orthodox Jewish faith. (*Id.*)

This Court adopted Magistrate Judge Majzoub's R&R on January 20, 2017, and granted summary judgment to Defendant on Plaintiff's meat and dairy consumption claim. (ECF No. 99.)

Plaintiffs filed a motion pursuant to Federal Rule of Civil Procedure 54(b) on December 18, 2017, asking the Court to reinstate their meat and dairy consumption claims. (ECF No. 125.) Defendant filed a response to the motion on January 17, 2018 (ECF No. 137),[1] and Plaintiffs filed a reply brief on January 20, 2018. (ECF No. 138.) With the resolution of other issues in the interim—including Defendant's request to dismiss the action on mootness grounds—the Court is now ready to rule on Plaintiffs' motion.

**Rule 54(b) Standard**

Rule 54(b) of the Federal Rules of Civil Procedure provides in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised

---

[1] Although untimely filed, the Court is considering Defendant's response. Defendant provides good cause for the late filing, in that she initially construed Plaintiffs' motion as one for reconsideration to which no response is allowed unless requested by the Court. *See* E.D. Mich. LR 7.1(h)(2).

at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Sixth Circuit precedent, Rule 54(b) is the proper vehicle for seeking reconsideration of interlocutory orders and reopening any part of a case before entry of final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The Sixth Circuit has stated that "'courts will find justification for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez*, 89 F. App'x at 959); *see also Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018).

## Applicable Law & Analysis

"RLUIPA … applies to prisons that receive federal funds and prohibits state and local governments from placing a 'substantial burden' on the 'religious exercise' of any inmate unless they establish that the burden furthers a 'compelling governmental interest' and does so in the 'least restrictive' way." *Haight v. Thompson*, 763 F.3d 554, 559-60 (6th Cir. 2014) (quoting 42 U.S.C. § 2000cc-1(a)). As the Sixth Circuit has pointed out, "[t]he Act defines 'religious exercise'

7

broadly as '*any* exercise of religion, whether or not compelled by, or central to, a system of religious beliefs.'" *Id.* at 564 (quoting 42 U.S.C. § 2000cc-5(7)(A)) (emphasis added in *Haight*).

When deciding whether a plaintiff has alleged a protected religious exercise, "the court's function is to ensure that the claim is based on a sincere religious belief." *New Doe Child #1 v. Congress of the United States*, 891 F.3d 578, 586 (6th Cir. 2018) (citing *Burwell v. Hobby Lobby*, -- U.S. --, 134 S. Ct. 2751, 2779 (2014));[2] *see also Haight*, 763 F.3d at 565 ("Just as a 'substantial burden' on a religious practice is a threshold requirement under RLUIPA, so a sincerely held religious belief is a threshold requirement under the law."). As the Sixth Circuit stated in *Haight*, "nothing in RLUIPA bars a prison from 'questioning whether a prisoner's religiosity, asserted as the basis for a requested accommodation, is authentic.'" 763 F.3d at 565 (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005)) (brackets omitted).

---

[2] *New Doe Child #1* and *Hobby Lobby* involved claims under the Religious Freedom Restoration Act ("RFRA"), rather than RLUIPA. However, they are "sister statutes," which mirror one another, "and the same standards apply to each." *New Doe Child #1*, 891 F.3d at 587 n.2.

8

The court's function is "'to determine whether the line drawn' by the plaintiff between conduct consistent and inconsistent with her or his religious beliefs 'reflects an honest conviction.'" *New Doe Child #1*, 891 F.3d at 586 (quoting *Hobby Lobby*, 134 S. Ct. at 2779) (additional citations omitted). As the Sixth Circuit further advised:

> Sincerity is distinct from reasonableness. *Hobby Lobby* teaches that once plaintiffs allege that certain conduct violates their sincerely held religious beliefs as they understand them, it is not within the court's purview to question the reasonableness of those allegations. *Id.* at 2777-78. Nor is it the court's role "to say that their religious beliefs are mistaken or insubstantial." *Id.* at 2779. Accordingly, even if they must evaluate the substantiality of the burden, courts do not ask whether the particular exercise of religion is a substantial part of the plaintiff's faith. *See Haight v. Thompson*, 763 F.3d 554, 566 (6th Cir. 2014) (courts are not "to inquire into the centrality to a faith of certain religious practices—dignifying some, disapproving others").
>
> But the first RFRA element is not unlimited. In addition to being sincere, plaintiffs must allege that the conduct at issue is based on a religious belief, not merely a personal, non-religious belief. *See Holt v. Hobbs*, -- U.S. --, 135 S. Ct. 853, 862, 190 L.Ed.2d 747 (2015) (a challenge "must be sincerely based on a religious belief and not some other motivation"); *Gen. Conference Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 410 (6th Cir. 2010) (a RFRA claim must be based on "a religious belief rather than a philosophy or way of life" (citation omitted)).

*New Doe Child #1*, 891 F.3d at 586-87 (footnote omitted).

A court evaluating the sincerity of a plaintiff's asserted religious beliefs also must bear in mind the Supreme Court's statement that "the protection of RLUIPA,

no less than the guarantee of the Free Exercise Clause, is 'not limited to beliefs which are shared by all of the members of a religious sect.'" *Holt*, 135 S. Ct. at 862-63 (quoting *Thomas v. Review Bd. of Indiana Emp't Sec. Div.*, 450 U.S. 707, 715-16 (1981)). As the Sixth Circuit similarly advised: "The substantial-burden question turns on the impact of a government regulation on the individual *inmate*, not the centrality of those beliefs to canonical texts as interpreted by judges or prison officials." *Haight*, 763 F.3d at 567 (emphasis in original) (citing *Cutter*, 544 U.S. at 725 n.13; *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004)).

The above guidance leads this Court to conclude that it clearly erred in dismissing Plaintiffs' meat and dairy consumption claims. Alternatively, new evidence supports the reinstatement of those claims. The record now shows that Plaintiffs' sincerely held religious beliefs require them to consume kosher meat on the Sabbath and other Jewish holidays and dairy products on Shavuot. It does not matter that Mr. Leach understands or interprets kosher dietary restrictions differently. *See* Holt, 135 S. Ct. at 862-63. Substituting a kosher diet with a vegan meal plan effectively bars Plaintiffs from *their* sincere faith-based conduct. *See Haight*, 763 F.3d at 565 (concluding that the prison's refusal to provide certain traditional foods (corn pemmican and buffalo meat) "effectively bars" Native American inmates from engaging in religious practice and "forces them to modify

their behavior by performing less-than-complete powwows with less-than-complete meals.") (internal quotation marks and brackets omitted). Defendant nevertheless argues that there is ample support for the Court's prior decision to dismiss Plaintiffs' meat and dairy consumption claim and that the claim, therefore, should not be reinstated.

The cases Defendant cites, however, are distinguishable from the present matter. Unlike the inmates in *McKenzie*, Plaintiffs present evidence to support the sincerity of their asserted religious belief that meat and dairy products must be consumed on specified occasions. The plaintiff in *Spight v. Davidson*, No. 3:14-mc-0793, 2014 WL 2811829 (M.D. Tenn. June 23, 2014) (unpublished), was a Seventh Day Adventist who claimed that he followed a kosher diet as a matter of religious conviction. *Id*. at *1. Yet, there is no indication in the district court's decision that the plaintiff alleged his religious beliefs required him to also consume meat or dairy. As such, the court in *Spight* found no reason to conclude that the vegetarian diet provided to the plaintiff violated his religious convictions. *Id*. at *2.

The same reasoning supported the courts' decisions in most of the other cases cited by Defendant that a vegan diet did not infringe upon Muslim prisoners' religious beliefs: *Robinson v. Jackson*, 615 F. App'x 310 (6th Cir. 2015)

(unpublished); *Watkins v. Shabazz*, 180 F. App'x 773 (9th Cir. 2006) (unpublished); *Hudson v. Caruso*, 748 F. Supp. 2d 721, 729 (W.D. Mich. 2010). In each of these cases, the plaintiffs were Muslims who, in accordance with their religious beliefs, restricted their diets to Halal foods. *Robinson*, 615 F. App'x 311; *Watkins*, 180 F. App'x at 775; *Hudson*, 748 F. Supp. 2d at 723-24. While the plaintiffs in *Robinson* and *Hudson* established that Halal rules prohibited them from eating meat not slaughtered in accordance with Islamic law, pork, food containing alcohol, and any food contaminated with pork or alcohol, they did not allege that their religious beliefs required them to consume meat. *Robinson*, 615 F. Appx' at 311; *Hudson*, 748 F. Supp. 2d at 729-30. Although not explicitly set forth in *Watkins*, the district court decision in the case reflects that the plaintiff also was not claiming that his religious beliefs required him to eat meat. Instead, the plaintiff only sought an order requiring the defendants to provide Halal meat *or* a nutritionally adequate substitute. *See* Order, *Watkins v. Shabazz*, No. 02cv1499 (S.D. Cal. Dec. 1, 2004) (unpublished), ECF No. 63 at Pg ID 715.

Finding that the prison's vegetarian or vegan meals contained no meat or alcohol, the courts in *Robinson* and *Hudson* concluded that those meals did not place a substantial burden on the plaintiffs' religious beliefs. *Robinson*, 615 F. App'x at 313-14; *Hudson*, 748 F. Supp. 2d at 729-30; *see also Abdullah v. Fard*,

No. 97-3935, 1999 WL 98529, at * (6th Cir. Jan. 28, 1999) (unpublished) (same). The Ninth Circuit affirmed the dismissal of the inmate's meat consumption claims in *Watkins*, finding no substantial burden on his religious rights, because prison officials gave inmates the option of finding an outside religious organization to provide Halal meat at a de minimis cost to the prison and at no cost to the inmate or to eat the nutritionally equivalent meat substitute provided by the prison. *Watkins*, 180 F. App'x at 775. *Patel v United States Bureau of Prisons*, 515 F.3d 807 (2008), another case cited by Defendant, also is distinguishable from the present matter.

The inmate-plaintiff in *Patel*, a Muslim who followed a Halal diet, was provided the choice of eating from the main line or a menu that offered a kosher diet. *Id*. at 810. Kosher meat was served in the kosher line ten of the fourteen dinner meals in a two-week schedule, and the plaintiff claimed he was precluded from consuming this meat because his religious beliefs required him to only consume meat slaughtered during a prayer to Allah. *Id*. 810-11. Inmates, however, were also allowed to purchase halal entrees at the commissary. *Id*. at 811. Lacking evidence that it was cost prohibitive for the plaintiff to purchase halal entrees when kosher meat was on the menu or that he had sought other alternatives (e.g., self-selecting a vegetarian diet from the hot bar when kosher

13

meat is served), the Ninth Circuit found no substantial burden on the inmate's exercise of his religious beliefs. *Id*. at 813-14. MDOC, in comparison, does not offer Plaintiffs the option to purchase kosher meat or dairy and there are no other apparent options for them to conform to their religious beliefs during the Sabbath, Jewish holidays, or Shavuot.

Defendant is correct that under Sixth Circuit precedent, "if an inmate is provided with food that does not violate his religious convictions and the diet keeps the prisoner in good health then there cannot be a constitutional violation." (ECF No. 137 at Pg ID 1690, citing *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010).) Nevertheless, the Sixth Circuit also has held that a prison imposes a substantial burden on the religious exercise of inmates by denying them access to food necessary to adhere to their religious beliefs. *Haight*, 763 F.3d at 564-65. Just as the denial of buffalo meat and corn pemmican substantially burdened the inmates' religious exercise in *Haight*, Plaintiffs demonstrate that the denial of kosher meat on the Sabbath and Jewish holidays and dairy on Shavuot infringes their religious rights. Their meat and dairy consumption claims therefore should be reinstated.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Rule 54(b) motion is **GRANTED** and the Court reinstates Plaintiffs' meat and dairy consumption claims under RLUIPA and the First Amendment.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: September 6, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 6, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager