UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ACKERMAN and
MARK SHAYKIN,

    Plaintiffs,

v

HEIDI WASHINGTON,

    Defendant.

NO. 4:13-cv-14137

HON. LINDA V. PARKER

---

Daniel E. Manville (P39731)
Attorney for Plaintiffs
Michigan State University
   College of Law
P. O. Box 1570
East Lansing MI 48826
(517) 432-6866
daniel.manville@law.msu.edu

Daniel S. Korobkin (P72842)
Attorney for Plaintiffs
American Civil Liberties Union
   Fund of Michigan
2966 Woodward Ave.
Detroit, MI 48201
(313) 578-6824
dkorobkin@aclumich.org

Scott A. Mertens (P60069)
Assistant Attorney General
Attorney for Defendant
Complex Litigation Division
P.O. Box 30736
Lansing, MI  48909
(517) 335-3055
mertenss@michigan.gov

---

**SETTLEMENT AGREEMENT**

The parties, through counsel, have agreed to the following to resolve the Kosher meal claim presented in *Gerald Ackerman and Mark Shaykin v. Heidi Washington*, E.D. Mich. No. 4:13-cv-14137.

1. The class covered by this Agreement is defined as all current and future prisoners in Defendant's custody who:

    a. request, in writing, a religious diet (Kosher meals); and

    b. either

        i. were, as of September 1, 2019, designated or identified in Defendant's records as being Jewish, or

        ii. enter Defendant's custody for the first time after September 1, 2019 and designate or identify themselves as being Jewish upon admission to Defendant's custody.[1]

2. The class covered by this Agreement does not include prisoners who were in Defendant's custody prior to or on September 1, 2019 but did not or do not designate or identify themselves as being Jewish until after September 1, 2019. This Agreement does not preclude such prisoners from seeking to obtain Kosher meals, including through litigation in an independent action, but this Agreement does not declare their rights or govern Defendant's duties to them.

3. Defendant shall use the methodology set forth below to determine whether a class member's sincerely held religious belief requires the class member to eat Kosher. If a class

---

[1] The parties stipulate to modify the class definition previously certified in ECF No. 157 (8/21/18).

       member's sincerely held religious belief requires the class member to eat Kosher, Defendant shall approve the class member for Kosher meals as set forth below.

4. If a class member was approved by Defendant for a religious (Vegan) diet as of September 1, 2019, it shall be presumed that the class member's sincerely held religious belief requires the class member to eat Kosher, and these class members shall be immediately approved for Kosher meals.

5. For class members other than those who were approved by Defendant for a religious diet as of September 1, 2019, class members shall be eligible for Kosher meals if they live Kosher for at least 60 days prior to requesting the religious diet or have done so for 60 days prior to the effective date of this Settlement Agreement.

6. For class members who become eligible for Kosher meals by living Kosher for at least 60 days, Defendant through its chaplains may obtain information from or about the class member to help confirm that the class member's sincerely held religious belief requires the class member to eat Kosher.

7. For class members who become eligible for Kosher meals by living Kosher for at least 60 days and whose sincerely held religious belief requires the class member to live Kosher, Defendant shall approve the class member for Kosher meals as set forth below.

8. The requirements of paragraphs 5 and 6 do not apply to the class members described in paragraph 4.

9. Living Kosher for at least 60 days means using only the religious diet line for meals and not purchasing, receiving, possessing, or consuming non-Kosher items from the main diet line, the prisoner commissary, Secure Pak, visiting room, or from other prisoners.

10. A class member who is found, pursuant to the procedure outlined in Policy Directive "Religious Beliefs and Practices of Prisoners," 05.03.150 ¶ SS, to have purchased, possessed, received, or consumed (including in the visiting room) non-Kosher food items may be disqualified from receiving Kosher meals in accordance with the steps defined in the above-referenced policy directive.

11. If a class member, for whatever reason, becomes disqualified from receiving Kosher meals because they do not live Kosher as defined above, the prisoner may be reinstated to the religious diet and resume receiving Kosher meals only through the procedure described in PD 05.03.150 ¶ SS.

12. No later than 30 days after the final approval of this Agreement by the Court, Defendant shall provide class members approved for Kosher meals (if they attend the appropriate mealtime) three Certified Kosher meals per day (one breakfast, one lunch, and one dinner).

13. Defendant shall provide class members approved for Kosher meals either:

    a. Kosher meals produced inside Defendant's facilities;

    OR

    b. Prepackaged Certified Kosher meals prepared by a vendor outside Defendant's facilities. Such meals shall be sealed and with reliable markings indicating that the meal is Certified Kosher.

14. If Defendant provides Kosher meals produced inside Defendant's facilities, such meals shall be produced inside a Certified Kosher kitchen. Once a facility kitchen is Certified Kosher, Defendant will provide written notice to Plaintiffs' counsel. Plaintiffs' counsel and their expert(s) will have 21 days from the date of receiving the written notice to inspect

the Certified Kosher kitchen. If, after inspection, Plaintiffs' counsel does not agree that a kitchen is operating in a Certified Kosher manner, Plaintiffs may move this Court to enforce this Agreement.

15. If a class member approved for Kosher meals as set forth above does not attend the appropriate mealtime, their approved meal will be forfeited for that mealtime only.

16. Upon receiving preliminary approval of this Settlement Agreement, Proposed Notice, and Proposed Notice Plan from the Court, Defendant shall provide notice of this Agreement to class members by posting the approved Notice in the housing units and law libraries of the 16 facilities that provide a religious diet.

17. Any prisoner who believes that they are a member of the class and wishes to receive Kosher meals after this Agreement is implemented should submit their request in writing to the chaplain of their facility within 14 days of the Notice referenced in paragraph 16 being posted.

18. Within 28 days of the posting of the approved Notice to class members, the chaplain at each facility offering a religious diet shall forward to the Special Activities Coordinator (SAC) a list of class members who meet the requirements for Kosher meals pursuant to the terms of this Agreement.

19. Within three (3) days of receiving the class member list referenced in paragraph 18, the SAC shall forward the list to Defendant's counsel for prompt delivery to Plaintiffs' counsel.

20. The parties understand that the Court will schedule a fairness hearing to consider final approval of this Agreement and consider any objections or comments thereto filed by class members.

21. Defendant shall implement the terms of this Agreement, including providing Kosher meals to approved class members, within 30 days of the final approval of this Agreement by the Court.

22. Within seven (7) days of implementing the terms of this Agreement, Defendant shall provide notice to Plaintiffs' counsel of said compliance.

23. Upon receiving Defendant's notice of compliance as required by paragraph 22, Plaintiffs' counsel shall be permitted to visit two (2) of Defendant's religious diet facilities (one of which will be MRF) in order to observe the newly implemented meal plan described in this Agreement. Said visits shall take place within 30 days after Plaintiffs' counsel's receipt of the notice of compliance.

24. Upon implementing the terms of this Agreement, Defendant shall continue to comply with this Agreement, including by promptly considering any class member's request for Kosher meals according to the terms of this Agreement.

25. The effectiveness of this Agreement is contingent upon the Court entering an order that approves the Agreement, incorporates the Agreement by reference, and expressly retains jurisdiction to enforce the Agreement.

26. The parties dispute the amount of costs and attorney fees that are due to Plaintiffs' counsel as a result of this litigation and Agreement. The parties agree to use the Court's Magistrate Judge to mediate a mutual agreement as to those fees and costs. If mediation is unsuccessful, Plaintiffs shall have 30 days from a date identified by the Magistrate Judge to file a motion for attorneys' fees and costs.

27. The parties acknowledge that this Agreement does not resolve Plaintiffs' meat and dairy consumption claims under

the Religious Land Use and Institutionalized Persons Act and the First Amendment.

Dated: ___10/11/19__          s/ Daniel E. Manville
                              Daniel E. Manville (P39731)
                              Counsel for Plaintiffs


Dated:10/11/19                 s/ Scott A. Mertens
                              Scott A. Mertens (P60069)
                              Counsel for Defendant