UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ACKERMAN and
MARK SHAYKIN,

       Plaintiffs,

v.

       Civil Case No. 13-14137
       Honorable Linda V. Parker

HEIDI WASHINGTON,

       Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE [ECF NO. 275] AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR ATTORNEYS' FEES [ECF NO. 273]**

This matter is presently before the Court on Plaintiffs' request for attorneys' fees (ECF No. 273) incurred in connection with their "meat and dairy" claim, which proceeded to trial and resulted in a decision in favor of Plaintiffs and against Defendant on January 30, 2020. Defendant has appealed that decision. Defendant has filed a motion to strike Plaintiffs' motion because it is untimely and was filed without first seeking concurrence. (ECF No. 275.) Alternatively, Defendant's ask the Court to stay the motion or deny it without prejudice in light of Defendant's pending appeal. The Court concludes that it should stay the resolution of Plaintiffs' fee request until the Sixth Circuit resolves Defendant's appeal.

The Advisory Committee Note to the 1993 Amendments to Rule 54 of the Federal Rules of Procedure provides, in relevant part:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.

In some cases, ruling on a motion for attorneys' fees prior to the appeal decision is the most efficient approach. It allows for any appeal relating to fees to be considered with the merits of the case. Where "the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58 Advisory Committee Notes 1993.

In this case, if Plaintiffs prevail on appeal, they will be entitled to additional fees for time spent on the appeal. *Mich. Bldg. & Constr. Trades Council, AFL-CIO v. Snyder*, No. 11-13520, 2012 WL 1893516, at *2 (E.D. Mich. May 23, 2012) (citing *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 450 (6th Cir. 2009) ("Where a statute provides for an award of attorney's fees to a prevailing party, 'reasonable appellate fees may [also] be awarded to [the] prevailing part[y].'" (citation omitted)). On the other hand, if Defendant prevails

2

on appeal in whole or in part, the ruling will impact Plaintiffs' ability to recover their full attorneys' fees. As Plaintiffs' claim for fees is likely to be affected by the appellate decision, delaying resolution of the claim serves the interest of judicial economy.

Accordingly,

**IT IS ORDERED** that Defendant's motion to strike Plaintiffs' request for attorneys' fees (ECF No. 275) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees (ECF No. 273) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 11, 2020