UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ACKERMAN and
MARK SHAYKIN,

       Plaintiffs,

v.

       Civil Case No. 13-14137
       Honorable Linda V. Parker

HEIDI WASHINGTON,

       Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR STAY PENDING APPEAL [ECF NO. 267] AND DENYING AS MOOT PLAINTIFFS' MOTION TO STRIKE [ECF NO. 269]**

Plaintiffs filed this class action lawsuit on September 27, 2013, asserting that the vegan diet they receive as Michigan Department of Corrections ("MDOC") prisoners approved for a religious (kosher) diet violates their First Amendment rights and their rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiffs claim that their sincere religious beliefs require them to consume kosher meat and dairy on the Sabbath and four Jewish holidays ("meat and dairy claim") and that the vegan diet is not kosher due to cross-contamination ("cross contamination claim").

The parties settled Plaintiffs' "cross-contamination claim" (Settlement Agreement, ECF No. 213) and the Court entered a final order approving the

settlement on January 29, 2020. (Op. & Order, ECF No. 241.) Plaintiffs' "meat and dairy claim" proceeded to a trial before the Court. On January 30, 2020, the Court entered a decision finding in favor of Plaintiffs and against Defendant on that claim. (Bench Op., ECF No. 243.) A Judgment was entered February 27, 2020. (ECF No. 251.)

Defendant thereafter filed a notice of appeal (No. 264) and now seeks an order staying the Court's decision on the meat and dairy claim pending appeal. (ECF No. 267.) If the Court declines to issue a stay pending appeal, Defendant alternatively requests a sixty-day stay in light of the global novel coronavirus (COVID-19) pandemic. In support of this latter request, Defendant offers the affidavit of the director of MDOC's Food Service Management and Support Team, Kevin J. Weissenborn. (Aff., ECF No. 267-1.) Plaintiffs have filed an opposition to Defendant's motion (Resp., ECF No. 274), as well as a motion to strike Mr. Weissenborn's affidavit. (Mot., ECF No. 269.) Defendant subsequently filed a notice withdrawing its request for a sixty-day stay (ECF No. 281), rendering Mr. Weissenborn's affidavit immaterial and therefore mooting Plaintiffs' motion to strike it.

## Applicable Standard

The Sixth Circuit Court of Appeals has identified four factors that should be considered when deciding whether a stay pending appeal should issue:

> 1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; 2) the likelihood that the moving party will be irreparably harmed absent a stay; 3) the prospect that others will be harmed if the court grants the stay; and 4) the public interest in granting the stay.

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 191). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id*. at 153.

### Defendant's Likelihood of Succeeding on the Merits on Appeal

With respect to this first factor, " '[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the movant] will suffer absent the stay.' " *A. Philip Randolph Inst. v. Husted*, 907 F.3d 913, 918 (6th Cir. 2018) (quoting *Mich. Coalition*, 945 F.2d at 153). Nevertheless, the movant must always show " 'more than the mere 'possibility' of success on the merits.' " *Id.* (quoting *Mich. Coalition*, 945 F.2d at 153) (quoting *Mason Cty. Med. Ass'n v. Knebel*, 563 F.2d 256, 261 n.4 (6th Cir. 1977)). The movant always is required to show, at the least, " 'serious questions going to the merits.' " *Id*. (quoting *Mich. Coalition*, 945 F.2d at 154) (additional quotation marks and citations omitted).

Defendant maintains that she is likely to prevail on appeal because the Court failed to articulate the proper "substantial burden" standard, erred in finding that Plaintiffs' religious beliefs are substantially burdened, and failed to give due

3

consideration to MDOC's compelling interests "in the orderly administration of inmate meals and the potential cost and logistical concerns associated with modifications to its 'universal' vegan diet to accommodate all 28 of MDOC's recognized religions." (Def.'s Br. in Supp. of Mot. at 5-6, ECF No. 267 at Pg ID 2761-62.)

First, Defendant faults the Court for relying solely upon the Supreme Court's decision in *Holt v. Hobbs*, 574 U.S. 352, 361 (2015), when defining a substantial burden. Defendant argues that "[t]his is a very broad definition" and that the Court failed to consider Sixth Circuit precedent. Defendant further argues—as it did in its proposed conclusions of law following the bench trial—that the Court should have utilized the substantial burden standard the Sixth Circuit employs in RLUIPA land use cases.

Defendant will not likely convince the Sixth Circuit Court of Appeals that this Court erred in its substantial burden analysis. The Court did quote *Holt*'s substantial burden "definition" as one example of how a governmental action or policy substantially burdens a plaintiff's sincerely held religious beliefs. But the Court also concluded that MDOC's policy of serving a vegan diet "completely precludes [Plaintiffs] from consuming kosher meat and dairy on the occasions when their religion commands it[,]" and that the availability of kosher meat and dairy items at the commissary store did not alleviate the burden. (Op. and Order at

23, ECF No. 243 at Pg ID 2531.)  This was consistent with Sixth Circuit precedent cited elsewhere in the bench opinion.  *See, e.g.*, *Haight v. Thompson*, 763 F.3d 554, 565 (6th Cir. 2014) (explaining that prison officials place a substantial burden on a prisoner's sincerely held religious beliefs when they "place substantial burden on an adherent to modify his behavior and to violate his beliefs" or " 'effectively bar' his sincere faith-based conduct") (internal citations omitted).

    The Court maintains, for the reasons set forth in its bench opinion, that the availability of kosher meat and dairy items through the commissary does not alleviate the substantial burden on Class members.  Even if *Jones v. Carter*, 915 F.3d 1147 (7th Cir. 2019), is distinguishable because the cost of purchasing commissary items was higher there than for the Class here, Defendant has never addressed Plaintiffs' additional reasons for why commissary purchases do not satisfy the dictates of their religious beliefs.  For example, the uncontroverted evidence is that prison policies prohibit inmates from bringing items purchased from the commissary into the chow hall, yet Jewish law requires Plaintiffs to consume meat and dairy items *as part of* their Sabbath or holiday meal.  (10/4/19 Trial Tr. at 101, ECF No. 233 at Pg ID 2396.)  Moreover, as the Seventh Circuit reasoned in *Jones*, Supreme Court precedent suggests that courts should not inquire deeply into a plaintiff's ability to pay when conducting the substantial burden analysis.  915 F.3d at 1151.

5

Next, at trial, the only compelling interests Defendant identified were MDOC's "compelling governmental interests in the costly and orderly administration of prisoner meals." (Def.'s Closing Br. at 3, ECF No. 210 at Pg ID 2232.) Yet, the only evidence Defendant presented in support of those interests was Mr. Weissenborn's estimations of the additional cost of providing the Class kosher meat products at dinner on the Sabbath and four holidays. The Court does not find it likely that its analysis of that evidence will be disturbed on appeal.

Defendant presented no evidence at trial to support additional administrative burdens (e.g. the costs of rolling out new guidelines for implementing meals, training staff on how to serve the foods), nor does she do so now. *See Lovelace v. Lee*, 472 F.3d 174, 190 (4th Cir. 2006) ("Given the superficial nature of the defendant's explanation, we cannot at this stage conclude that the asserted interest is compelling as a matter of law."). But even so, many of those administrative burdens can be alleviated if Defendant chooses to purchase pre-packaged kosher meat items through an outside vendor rather than preparing the meals within MDOC facilities. Notably, the cost figures Defendant presented at trial were for purchasing pre-packaged meals from an outside vendor.

In light of Sixth Circuit precedent, *see, e.g., Haight*, 763 F.3d at 562, the Court finds little need to address Defendant's repeated argument that the decision on Plaintiffs' meat and dairy claim opens the door for requests from inmates of

6

other religious faiths. The Court is not persuaded by the decisions from outside this Circuit that Defendant cites when arguing that "the denial of religious meals is consistent with the compelling governmental interest in expending limited resources prudently." (Def.'s Br. at 13-14, ECF No. 267 at Pg ID 2769-2771.) Such a blanket statement is inconsistent with the Supreme Court's and Sixth Circuit's case-by-case analysis of RLUIPA claims, weighing the specific burden on the plaintiff(s) against the demonstrated impact on the government's interest(s).

For the above reasons, Defendant fails to show " 'more than the mere 'possibility' of success on the merits [on appeal].' "

### Irreparable Harm to Defendant Absent a Stay

Three factors are relevant when evaluating the harm absent a stay: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Mich. Coalition*, 945 F.2d at 154 (citing *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987)). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." Id. The alleged harm "must be both certain and immediate, rather than speculative or theoretical." *Id*. (citing *Wis. Gas Co. v. Fed. Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985)).

Defendant acknowledges that costs alone cannot constitute irreparable harm. (Def.'s Br. at 16, ECF No. 267 at Pg ID 2772 (citing *Mich. Coalition*, 945 F.2d at 154).) Defendant therefore argues that MDOC "will also have to roll out new guidelines for implementing the meals, allocate separate spaces for storing kosher meat, and new training on how to serve the foods." (*Id.*) These simply describe injuries in terms of money, time and energy, however. In any event, while the appeal is pending, MDOC can avoid these injuries by obtaining prepackaged kosher meat entrees from an outside vendor.

Defendant also relies again on the flood gates that will open if it provides specific meal requests here. As already indicated, however, this asserted harm is unpersuasive.

## Irreparable Harm to Plaintiffs and the Class

Defendant maintains that Plaintiffs will not be substantially injured by a stay as they are receiving kosher vegan meals "that comply with their religious and nutritional requirements on a daily basis." (Def.'s Br. at 17, ECF No. 267 at Pg ID 2773.) Defendant also argues that "Plaintiffs clearly have the financial ability to purchase their own meat and dairy items" and requiring them to do so causes "only the slightest harm." (*Id.*)

First, this Court already has found that MDOC's kosher vegan meals do not satisfy Plaintiffs' religious requirements, as they do not allow Plaintiffs to consume

meat and dairy on the Sabbath and four religious holidays.  Second, this Court also has already found that even if Class members could afford the kosher meat and dairy items from the commissary, this would not satisfy their religious beliefs because the items do not constitute a "meal" and cannot be consumed in the chow hall.  Thus, the harm a stay poses to Plaintiffs and the Class is that they will continue to be precluded from exercising their sincerely held religious beliefs.  The Court cannot find this harm to be "slight."

### The Public Interest

Defendant maintains that "[a]ny time taxpayer's dollars are allocated, the public interest favors avoiding unnecessary expenditures."  (Def.'s Br. at 18, ECF No. 267 at Pg ID 2774.)  Defendant also argues:

> The public interest has an additional interest in a stay because of the current pandemic … Any unnecessary expenditure of government resources or manhours, especially that result in unnecessary human contact weighs heavily against public interest and may do so for the foreseeable future.

(*Id.*)  Defendant's argument is too vague, however, to evaluate whether the injury is substantial, likely, or avoidable.

In any event, there is the opposing argument that " 'it is always in the public interest to prevent the violation of a party's constitutional rights.' "  *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998) (quoting *G&V Lounge, Inc. v. Mich. Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994).  The Sixth

Circuit has repeatedly found that " 'the public as a whole has a significant interest in … protection of First Amendment liberties' ". *Libertarian Party of Ohio v. Husted*, 751 F.3d 403, 412 (6th Cir. 2014) (quoting *Dayton Area Visually Impaired Persons, Inc. v. Fisher*, 70 F.3d 1474, 1490 (6th Cir. 1995)); *see also Jones v. Caruso*, 569 F.3d 258, 278 (6th Cir. 2009) (quoting *Dayton Area*, 70 F.3d at 1490).

## Conclusion

In short, the Court finds that the relevant factors weigh in favor of denying Defendant's request for a stay pending appeal.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Stay Pending Appeal or, in the Alternative, for a Sixty-Day Stay (ECF No. 267) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (ECF No. 269) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 16, 2020