UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD ACKERMAN and
MARK SHAYKIN,

        Plaintiffs,

                              Civil Case No. 13-14137
v.                                   Honorable Linda V. Parker

HEIDI WASHINGTON,

        Defendant.
_____/

## OPINION AND ORDER DENYING CLASS MEMBER DANIEL HORACEK'S PRO SE MOTIONS (ECF NOS. 315, 316)

On March 3, 2021, the Court issued a decision striking pro se motions filed by Class members, including a motion filed by Daniel Horacek, and denying two motions filed by Class counsel. (ECF No. 314.) The matter is presently before the Court on new motions filed by Mr. Horacek: (i) a motion for reconsideration of the March 3 decision (ECF No. 315); and (ii) a motion asking the Court to consider Mr. Horacek's November 22, 2019 notice of withdrawal from the Class or to create a sub-class, appoint separate class counsel, and remove the existing Class representatives and counsel (ECF No. 316). Mr. Horacek signed the first motion on June 1 and the second motion on June 2, and these are the dates the motions are deemed filed under the "prison mailbox rule." *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

A motion for reconsideration of a non-final order must be filed within 14 days after entry of the judgment or order at issue.[1] E.D. Mich. LR 7.1(h)(2). Under Local Rule 7.1, a motion for reconsideration may be granted only on the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>
> (B) An intervening change in controlling law warrants a different outcome; or
>
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

Mr. Horacek's request to reconsider the Court's March 3 decision is untimely. While the Court may extend the time for "excusable neglect," *see* Fed. R. Civ. P. 6(b)(1)(B), the reasons Mr. Horacek provides for his delay do not explain why he waited to file his motions more than a month after May 5—the date he claims to have learned of the Court's March 3 decision. In any event, in his motion, Mr. Horacek fails to demonstrate grounds for relief.

---

[1] Motions for reconsideration of final orders and judgments are no longer allowed under Local Rule 7.1 but must be made under Federal Rules of Civil Procedure 59(e) or 60(b). *See* E.D. Mich. LR 7.1(h)(1).

First, Mr. Horacek argues that the Court erred in striking his pro se motion in which he sought an order finding Defendant's certification of the prison kitchens not in compliance with the settlement agreement. (*See* ECF No. 309.) The Court struck the motion as improper because Mr. Horacek is a member of the Class and is represented by Class counsel, who separately filed a motion challenging Defendant's certification. (*See* ECF No. 314 at Pg ID 3403 (citing *In re Pertuset*, 492 B.R. 232, 246 (S.D. Ohio 2012)); *see also* ECF No. 297.) Federal Rule of Civil Procedure 23(d)(1)(B)(iii) empowers the court to issue orders with respect to the conduct of a class action. It does not give class members the right to file motions where they are represented by class counsel.

In any event, even if the Court had considered Mr. Horacek's motion, it would have denied it for the same reasons it denied the motion filed by Class counsel. (*See* ECF No. 314 at Pg ID 3405-09; *see also* ECF No. 296 (denying earlier filed motion by Plaintiffs relating to kitchen certification).) In its decision, the Court rejected the very same argument Mr. Horacek raised in his motion concerning Michigan Compiled Law § 750.297e(1). (ECF No. 314 at Pg ID 3408.) In his motion for reconsideration, Mr. Horacek makes no argument to show that the Court erred.

As to Mr. Horacek's other motion and request that the Court consider his previous notice to opt out of the Class, the Court first notes that the Class here was

certified under Federal Rule of Civil Procedure 23(b)(2). (*See* ECF No. 157.) Class members do not have a right to opt out of such a class. *See Austin v. Wilkinson*, 83 F. App'x 24, 25 (6th Cir. 2003) (citing *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 447 (6th Cir. 2002)). Mr. Horacek alternatively asks the Court to certify a new sub-class, appoint separate class counsel, and remove existing Class counsel and the Class representatives. His request, however, comes too late. Well over a year before Mr. Horacek filed his motion, a Judgment was entered and this case was closed.

For these reasons, the Court is **DENYING** Mr. Horacek's pending motions (ECF Nos. 315, 316.)

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 7, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 7, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager